In the Matter of the Claim of BARBARA GIAQUINTO et al., Respondents, v MAJOR SANITATION, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.

Third Department, October 14, 1982

### APPEARANCES OF COUNSEL

*Raymond C. Green* (*Joseph F. Manes* of counsel), for appellants.

*Robert Abrams, Attorney-General* (*Morris N. Lissauer* and *Henriette Frieder* of counsel), for Workers' Compensation Board, respondent.

### OPINION OF THE COURT

CASEY, J.

On this appeal, the employer and its carrier contend that the refusal of the board to subject the respondent widow's "mother's benefits", received by her under the Social Security Act (US Code, tit 42, § 402, subd [g], par [1]), to the offset provisions of subdivision 2-a of section 16 of the Workers' Compensation Law is erroneous, as a matter of law. It is undisputed that the decedent husband, a 41-year-old corporation president, was killed by an unknown assailant in the course of his employment and that he left the widow and two infant children surviving him.

Separate and apart from the children's direct Social Security allowances, the widow receives $331.30 per month, a payment that is statutorily designed "mother's insurance benefits" by the Social Security Act (US Code, tit 42, § 402, subd [g], par [1]). The question is whether the

board erred in its refusal to consider this payment as a "survivors insurance benefit" which would subject it to the offset provisions of subdivision 2-a of section 16 of the Workers' Compensation Law, relevantly providing that when a "spouse is receiving survivors insurance benefits under the social security act, the death benefit payable * * * shall be reduced by five per centum of the spouse's share of the survivors insurance benefits under the social security act for each ten dollars of deceased's average weekly wage in excess of one hundred dollars", a computation which amounts to $38.23 per week in this situation.

Appellants contend that the payment of $331.30, regardless of its statutory designation as "mother's insurance benefits", must be considered a "survivors insurance benefit" subject to offset. This conclusion is based on the fact of the widow's ineligibility for the payment of mother's benefits if she becomes eligible to receive widow's benefits, no matter how many infant children she has, and further that such benefit terminates on her remarriage or death and does not affect the separate payments made to her for the benefit of the children. Because the widow controls the payment in these respects, appellants urge that it must be an insurance benefit for her alone, as a survivor of her husband.

On the other hand, and correctly in our opinion, the respondent board urges that its interpretation of the statute limiting offset of the "spouse's share of the survivors insurance benefits under the social security act" to "widow's insurance benefits" under the Social Security Act should be sustained as a rational construction of a statute by an agency charged with its administration and acting within the sphere of its expertise (*Matter of Howard v Wyman*, 28 NY2d 434). The fact that "mother's insurance benefits" benefit the children, as a payment "to provide [them who are] deprived of one parent with the opportunity for the personal attention of the other" (*Weinberger v Wiesenfeld*, 420 US 636, 648-649), clearly supports the board's position that such a payment is distinguishable from a survivor's benefit. This argument is further supported by the fact that "mother's benefits" cease when the children reach 18 or leave the parent's care and custody

sooner (US Code, tit 42, § 402, subd [d], par [5]). Accordingly, the decision of the board should be affirmed.

The decision should be affirmed, with costs to the Workers' Compensation Board.

Kane, J. P., Yesawich, Jr., Weiss and Levine, JJ., concur.

Decision affirmed, with costs to the Workers' Compensation Board.