**LARIMER COUNTY SCHOOL DISTRICT POUDRE R–1 and State Compensation Insurance Fund, Petitioners,**

v.

**The INDUSTRIAL COMMISSION OF the STATE OF COLORADO and Gladys Renz, Respondents.**

**No. 85CA0653.**

Colorado Court of Appeals, Div. I.

June 5, 1986.

Rehearing Denied July 3, 1986.

Certiorari Granted (School District) Oct. 14, 1986.

Richard G. Fisher, Jr., Russell A. Stanley, Paul Tochtrop, Denver, for petitioners.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for respondent Industrial Comn.

Hill, Hill and Manges, P.C., Alden T. Hill, Fort Collins, for respondent Gladys Renz.

TURSI, Judge.

Petitioners, Larimer County School District Poudre R–1 and State Compensation Insurance Fund (the Fund), seek review of an order of the Industrial Commission disallowing any offset against the workmen's compensation death benefits that were paid to Gladys Renz by virtue of her becoming eligible and receiving widow's benefits under the federal Social Security Act. We affirm.

Ruben H. Renz died on August 17, 1977, as a result of what was adjudged to be an industrial accident. He left surviving him a wholly dependent widow, Gladys Renz, who was awarded death benefits pursuant to § 8–50–103, C.R.S. (1985 Cum.Supp.). This award was not appealed.

At the time of Ruben's death, Gladys was 57 years of age. On reaching age 60, Gladys applied for widow's benefits under the federal Social Security Act. Ruben had earned insured status with Social Security as a self-employed farmer. The Fund, claiming that it is entitled to an offset from the date of first payment of widow's benefits under the Social Security Act, suspended further payments until the alleged overpayment had been recovered.

It is undisputed that, at the time of Ruben's death, Gladys was not eligible for federal social security benefits and that her eligibility for such benefits is based upon her status as a 60–year-old widow whose husband, during his lifetime, accumulated the necessary qualifying quarters of contributions to the social security fund. Thus, the federal social security benefits were payable to her only because of her status as a widow, age 60, without regard to the cause or circumstances of her husband's death.

The deductions at issue were taken under § 8–50–103, C.R.S. (1985 Cum.Supp.), which reads:

"In case of death, the dependents of the deceased entitled thereto shall receive as compensation or death benefits sixty-six and two-thirds percent of the deceased employee's average weekly wages.... In cases where it is determined that periodic death benefits granted by the *federal old age, survivors, and disability insurance act* or a *workmen's compensation act of another state* or of the federal government are payable to an individual and his dependents, the aggregate benefits payable for death pursuant to this section shall be reduced, but not below zero, by an amount equal to one hundred percent of such periodic benefits." (emphasis supplied)

The Industrial Commission construed the offset provisions of this statute as applying only if the payment of benefits under the federal act or another state's workmen's compensation act is premised upon rights

that accrue because of an industrial accident. We agree.

■ Construction of a statute by administrative officials charged with its enforcement shall be given deference by the courts, and here, the Commission's experience and conclusions, combined with the language adopted by the General Assembly, preclude the offset claimed by the Fund. *See City & County of Denver v. Industrial Commission,* 690 P.2d 199 (Colo.1984); *Travelers Indemnity Co. v. Barnes,* 191 Colo. 278, 552 P.2d 300 (1976).

■ Thus, we conclude that the federal social security benefits payable to the claimant widow are not the type of "periodic benefits" contemplated by § 8–50–103 and may not serve as a basis for the offset asserted by the state fund against the workmen's compensation death benefits awarded to the widow. *See Edlund v. Industrial Commission,* 725 P.2d 75 (Colo. App.1986). *See also Engelbrecht v. Hartford Accident & Indemnity Co.,* 680 P.2d 231 (Colo.1984).

Order affirmed.

PIERCE and BERMAN, JJ., concur.