**L.E.L. CONSTRUCTION and Colorado Compensation Insurance Authority, Petitioners,**

**v.**

**Janet GOODE, The Industrial Claim Appeals Office of the State of Colorado, and Director, Division of Workers' Compensation, Respondents.**

**and**

**CRESTED BUTTE SOUTH METROPOLITAN DISTRICT and Colorado Compensation Insurance Authority, Petitioners,**

**v.**

**Bettie TRAVIS, The Industrial Claim Appeals Office of the State of Colorado, and Director, Division of Workers' Compensation, Respondents.**

Nos. 91CA1597, 91CA1598.

Colorado Court of Appeals, Div. I.

Nov. 5, 1992.

Rehearing Denied Dec. 10, 1992.

Certiorari Granted April 12, 1993.

Paul Tochtrop, Denver, for petitioners L.E.L. Const., Colorado Compensation Ins. Authority and Crested Butte South Metropolitan Dist.

Leventhal & Bogue, P.C., Bruce Kaye, Denver, for respondent Janet Goode.

Withers, Seidman & Rice, P.C., Gudrun Rice, Grand Junction, for respondent Bettie Travis.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John D. Baird, Asst. Atty. Gen., Denver, for respondents Industrial Claim Appeals Office and Director, Div. of Workers' Compensation.

Glasman, Jaynes & McBride, Ronald C. Jaynes, Denver, for amicus curiae Colorado Defense Lawyers Ass'n.

Herbert S. Schiff, Boulder, for amicus curiae Workers' Compensation Educ. Ass'n.

Susanna Meissner–Cutler, Denver, for amicus curiae Colorado Trial Lawyers Ass'n.

Opinion by Judge BRIGGS.

In this consolidated appeal, we consider whether workers' compensation death benefits payable to the surviving spouse of a deceased worker can be offset by federal social security "mother's and father's insurance benefits." The Industrial Claim Appeals Panel affirmed the orders of the Administrative Law Judge (ALJ) prohibiting petitioners, L.E.L. Construction (employer of decedent Donnie L. Goode), Crested Butte South Metropolitan District (employer of decedent James C. Travis), and the Colorado Compensation Insurance Authority (CCIA), from offsetting the workers' compensation benefits awarded to decedents' surviving spouses, Janet Goode and Bettie Travis (claimants), by the amount of their social security "mother's benefits." Also at issue are the Panel's award of benefits from date of death, with interest, to claimant Goode, and its conclusion that Travis' death arose out of and in the course of his employment. We affirm.

## I. *Mother's Benefits*

Claimants' children receive social security "children's insurance benefits" because they are dependents of a decedent who qualified for social security benefits, and they have not attained the age of 18. 42 U.S.C. § 402(d) (1988). Claimants themselves receive "mother's and father's insurance benefits" because they are widows of decedents who qualified for social security benefits and are mothers of decedents' de-pendent children less than 16 years of age. 42 U.S.C. § 402(g) (1988).

"Children's" and "mother's and father's benefits" are payable without regard to the cause or circumstances of death. They are paid simultaneously, without reduction in either. However, if the surviving parent is employed, each dollar of his or her benefits is proportionately reduced for each corresponding dollar earned over a stated minimum annual income. 42 U.S.C. § 403(b) and (f) (1988).

The ALJ awarded claimants workers' compensation death benefits and concluded that the children's benefits, but not the mother's benefits, may be offset pursuant to Colo.Sess.Laws 1990, ch. 62, § 8–42–114 at 495 (now codified with changes at § 8–42–114, C.R.S. (1992 Cum. Supp.)). The Panel affirmed.

Petitioners assert the Panel erred in not offsetting mother's benefits under § 8–42–114. We disagree.

Section 8–42–114 provides:

In cases where it is determined that periodic death benefits granted by the federal old age, survivors, and disability insurance act or a workers' compensation act of another state or of the federal government are payable to an individual and the individual's dependents, the aggregate benefits payable for death pursuant to this section shall be reduced, but not below zero, by an amount equal to one hundred percent of such periodic benefits.

■■■■ The purpose of the social security offset is to preclude a claimant from receiving duplicative benefits. *Johnson v. Industrial Commission,* 761 P.2d 1140 (Colo. 1988). If a social security benefit serves a purpose different than that of workers' compensation benefits, there is no offset because it would "not be consistent with the purposes of the Workmen's Compensation Act ... to protect employees who suffer injuries arising out of their employment and to give injured workers a reliable source of compensation." *Engelbrecht v. Hartford Accident & Indemnity Co.,* 680 P.2d 231, 233 (Colo.1984).

The primary goal of workers' compensation benefits is to relieve claimants of the adverse economic effects caused by industrial injuries and fatalities. *Higgs v. Western Landscaping & Sprinkler Systems, Inc.*, 804 P.2d 161 (Colo.1991). To achieve that goal, death benefits serve as "a substitute for the support previously provided by the deceased worker." *Wilson v. Jim Snyder Drilling*, 747 P.2d 647, 652 (Colo.1987).

Although all social security benefits necessarily result in some relief from the adverse economic effects caused by industrial injuries and fatalities, they do not all serve as a substitute for the support previously provided by the deceased worker. In *Wilson v. Jim Snyder Drilling, supra,* the court concluded that, because the purpose of cost-of-living increases in social security death benefits was to maintain the buying power of social security payments and not to provide additional benefits for a particular injury, an offset was not necessary to prevent double payment.

We have previously determined that social security "widow's benefits" are likewise not offset against death benefits. *Larimer County School District Poudre R–1 v. Industrial Commission*, 727 P.2d 401 (Colo.App.1986). "Widow's benefits" are payable to the surviving spouse at age 60, without regard to the cause or circumstances of the husband's death. They replace support the deceased would have been expected to provide in later life and serve more as a substitute for retirement than disability or death benefits. Thus, no offset is necessary to avoid a duplication of benefits.

The claimants, who have not challenged the offset of the "children's benefits," apparently concede that the purpose of such benefits is to replace the loss of income that had been provided by the deceased worker and thus can properly be offset against workers' compensation death benefits to avoid a duplication of benefits. However, they argue that "mother's and father's benefits" serve a different purpose and thus, like cost-of-living increases and widow's benefits, do not constitute "period-

ic death benefits" under § 8–42–114. We agree.

A number of amendments, including § 402(g), were added to the Social Security Act in 1939 to afford more adequate protection to the family as a unit. *Weinberger v. Wiesenfeld*, 420 U.S. 636, 95 S.Ct. 1225, 43 L.Ed.2d 514 (1975). The Supreme Court in *Weinberger* nevertheless found that Congress enacted § 402(g) for a specific purpose.

[Section] 402(g), linked as it is directly to responsibility for minor children, was intended to permit women to elect not to work and to devote themselves to the care of children....

That the purpose behind § 402(g) is to provide children deprived of one parent with the opportunity for the personal attention of the other could not be more clear in the legislative history.

*Weinberger v. Wiesenfeld, supra,* 420 U.S. at 648–649, 95 S.Ct. at 1233, 43 L.Ed.2d at 525.

In *Califano v. Boles*, 443 U.S. 282, 99 S.Ct. 2767, 61 L.Ed.2d 541 (1979), the Supreme Court concluded that "mother's and father's benefits" are primarily for the surviving parent, not the children, and upheld the exclusion from benefits of unwed mothers. However, the court reaffirmed that § 402(g) "was intended to permit women [and now men] to elect not to work and to devote themselves to care of children.... 'Mother's insurance benefits' were intended to make the choice to stay home easier." *Califano v. Boles, supra,* 443 U.S. at 288, 99 S.Ct. at 2772, 61 L.Ed.2d at 548.

We are persuaded that "mother's and father's benefits" are not intended to serve as a substitute for the income lost from the deceased worker. Rather, they are more in the nature of a replacement for income the surviving spouse is unable to earn because of choosing to stay home with dependent children. This makes the choice to stay home easier, so that children deprived of one parent can be provided with the personal attention of the other.

We also give deference to the interpretation of the offset statute by the Division of

Workers' Compensation. As the administrative officials charged with the enforcement of the statute, their experience and conclusions are influential in shaping our decision. *See Larimer County School District Poudre R–1 v. Industrial Commission, supra.*

We therefore hold that "periodic death benefits" in § 8–42–114 do not include federal social security "mother's and father's insurance benefits." Offsetting "mother's and father's insurance benefits" against workers' compensation death benefits is not necessary to avoid double payment. *See Giaquinto v. Major Sanitation, Inc.,* 89 A.D.2d 66, 456 N.Y.S.2d 158 (1982) (offset required for state survivor's benefits does not include "mother's benefits" because "such a payment is distinguishable from a survivor's benefit."). As our supreme court noted in reaching its similar conclusion in regard to cost-of-living increases for death benefits, this result better protects workers and provides them with a more reliable source of income. *Wilson v. Jim Snyder Drilling, supra.*

## II. *"Retroactive" Award*

As to claimant Goode, the ALJ ordered that her benefits be calculated from the date of her husband's death. The Panel affirmed.

The CCIA filed an admission of liability in 1987. The Division of Labor, without a hearing, found that claimant was entitled to benefits at the maximum compensation rate, and stated: "[P]ursuant to 8–50–103 [now 8–42–114], such fatal benefits may be reduced by an amount equal to 100% of any federal periodic benefit." The Division ordered payment of death benefits, "less applicable social security offsets." In that same year, CCIA began taking an offset for both children's and mother's benefits.

■ Claimant Goode retained counsel and filed an application for hearing in 1991 to contest the offset for "mother's benefits." Petitioners and claimant then filed a stipulation of facts which avoided the necessity of a hearing. In that stipulation the parties agreed the application for hearing "may be considered a Petition to Reopen the issues addressed herein."

Petitioners L.E.L. Construction and the CCIA contend that claimant Goode is not entitled to a "retroactive" calculation of benefits. They argue that the stipulation evidences a concession by claimant that the case was closed as to all issues, including the right to offset mother's benefits. They further assert the 1987 order was final because claimant failed to appeal, and this issue could be raised only in a petition to reopen. Section 8–43–303(1), C.R.S. (1992 Cum.Supp.) provides that "no such reopening shall affect the earlier award as to monies already paid." Thus, petitioners contend, the ALJ was precluded from awarding benefits from the date of death. We disagree.

The use of the word "may" in the stipulation of facts is permissive. It did not require the ALJ to treat the application as a petition to reopen. *See Steinhoff v. Fisch,* 847 P.2d 191 (Colo.App.1992).

■ We also disagree with petitioners' contention that any objection to offsetting "mother's benefits" could be raised only by a petition to reopen. Section 8–43–303 provides that an ALJ may review and reopen any award within six years from the date of injury "on the ground of an error, a mistake, or a change in condition...." The claim here is not that there was an error or mistake in the 1987 order or that there has been a change of condition. Rather, it is that the ALJ never determined which social security benefits were "applicable" and still had jurisdiction to do so in 1991.

In *Brown & Root, Inc. v. Industrial Claim Appeals Office,* 833 P.2d 780 (Colo. App.1992), a claimant who had been denied an award for temporary total disability several years earlier claimed that as a result of a change in condition she was now entitled to such an award. The claimant argued that a petition to reopen based on a change in medical condition was not necessary because her claim was based on an issue, a subsequent auto accident, which had not been addressed in the earlier award.

This court concluded that whether a prior order constituted an "award" within the meaning of § 8-43-303 could not be determined by the application of a "same issue" or "res judicata" analysis. The statute instead requires an analysis of the nature of the prior order itself. In the circumstances there presented, the ALJ had reserved jurisdiction to determine permanent disability benefits. Given that reservation, we could not conclude that the earlier order constituted an "award" which would require a petition to reopen.

Here, based on an analysis of the nature of the earlier order, we again cannot conclude that a petition to reopen was necessary. The ALJ did not determine which social security benefits were subject to offset and implicitly reserved jurisdiction to do so. In its order, the Panel succinctly summarized the appropriate analysis in these circumstances:

> [T]he Division's June 29, 1987 order did not determine whether or not respondents are entitled to claim the mother's benefits as a 'periodic death benefit' under the workers' compensation statute. The Division's order merely determined that respondents are entitled to offset those periodic death benefits contemplated by statute. Thus, the ALJ had jurisdiction to determine which Social Security benefits are so contemplated, and did not improperly determine any issue resolved by the Division's [1987] order.

Petitioners have not claimed that any applicable time limitation on challenging the offset had expired before claimant Goode filed the application for hearing in 1991. *Cf. Gregory v. Crown Transportation*, 776 P.2d 1163 (Colo.App.1989) (insurer not required to file petition to modify in order to claim offset for social security disability benefits three years after claimant declared permanently and totally disabled). In these circumstances, the analysis by the Panel is sound, its ruling correct.

■ Furthermore, we are not persuaded by petitioners' contention that claimant is equitably estopped from claiming the offset because she was apprised of the offset in 1987 and failed timely to challenge petitioners' actions. There is no evidence that petitioners detrimentally relied on claimant's conduct, and thus petitioners have failed to establish all the necessary elements of estoppel. *Johnson v. Industrial Commission, supra.*

■ We also reject the contention of L.E.L. Construction and the CCIA that they were erroneously ordered to pay interest on amounts found to be due and owing prior to the date of the ALJ's May 2, 1991, order. Petitioners argue that since the 1991 order increased their liability and imposed interest on a new sum, they should be relieved of interest. However, the statute in effect here, which is now codified at § 8-43-410(2), C.R.S. (1992 Cum.Supp.), provides that the insurance carrier shall pay interest at the rate of 8% per annum upon all sums not paid upon the date fixed by the award.

Petitioners did not pay all amounts due under the 1987 order. The 1987 order permitted petitioners to take the legally permissible offsets, but did not determine if payments for mother's benefits were a permissible offset. Thus, we again agree with the Panel that the ALJ properly determined that interest accrued on all benefits that were not paid when due.

## III. *Compensability of Travis' Death*

The Panel affirmed the ALJ's conclusion that the fatality was compensable. The employer and CCIA contend that decedent's death is not compensable because the accident did not arise out of, and was not in the scope and course of, decedent's employment. We disagree.

■ A supervisor ordinarily delivered decedent's pay check to him at a job site several miles from the employer's business office. Decedent obtained permission from the supervisor to be paid a day early in order to accommodate vacation plans for the following day. Because the supervisor was not available to deliver the check, he arranged for it to be ready after lunch on the agreed day and for decedent to pick it up at the business office. The decedent picked up the check around 1:00 p.m. A

few minutes later, he was killed in a traffic accident on the road connecting the business office to his work site.

The term "course of employment" refers to the time, place, and circumstances under which the injury occurred, while an injury "arises out of employment" when the injury has its origin in work-related functions and is sufficiently related thereto as to be considered part of the employee's service to the employer. *Popovich v. Irlando*, 811 P.2d 379 (Colo.1991).

If a sufficient nexus exists between the activity and the usual circumstances of the job functions so that the activity may be considered an incident of employment, then the activity arises out of and in the course of employment. *City of Boulder v. Streeb*, 706 P.2d 786 (Colo. 1985). These are factual questions for the ALJ to determine. *Alpine Roofing Co. v. Dalton*, 36 Colo.App. 315, 539 P.2d 487 (1975).

Injuries incurred by an employee while collecting pay are generally considered to be compensable because they are an incident of employment. *Alpine Roofing Co. v. Dalton, supra;* 1A A. Larson, *Workmen's Compensation Law,* § 26.30 (1990). Likewise, injuries sustained by employees while off the employer's premises are compensable when the facts demonstrate that the activity is not a deviation from employment so substantial as to remove it from the employment relationship. *Roache v. Industrial Commission,* 729 P.2d 991 (Colo.App.1986) (compensable injury occurred at convenience store during employee's paid break); *see also City & County of Denver School District No. 1 v. Industrial Commission,* 196 Colo. 131, 581 P.2d 1162 (1978) (teacher on lunch break compensated for injury that occurred off school premises). Injuries have been found compensable regardless of any specific benefit to employer. *See City of Boulder v. Streeb, supra.*

Here, substantial evidence supports the ALJ's conclusion that decedent was acting in the course of his employment at the time of the accident. The decedent was traveling between his job site and the employer's main office. The purpose had been to collect his pay. The trip was specifically authorized by the employer, and the circumstantial evidence concerning the decedent's route indicates that he did not engage in any deviation from employment.

The evidence likewise supports the ALJ's findings that the death arose out of the employment. As the Panel concluded, it was implicit in the ALJ's order that the decedent's retrieval of his paycheck conferred a benefit on the employer. The supervisor was not required to deliver the check to the remote job site, as was the usual practice. Moreover, even if the decedent's collection of his pay had not conferred any specific benefit upon the employer, the Panel was correct in concluding that the ALJ could find that the trip was sufficiently interrelated to the conditions and circumstances under which decedent performed his duties to establish a causal connection between the work and his death.

We are also unpersuaded by petitioners' contention that the first report of injury should not have been considered as evidence that decedent was returning to his job site at the time of his death. The report itself was admissible pursuant to § 8–43–210, C.R.S. (1992 Cum.Supp.). Even if it contained an inadmissible statement about how the accident happened, we agree with the Panel that its consideration constituted harmless error in light of the supervisor's testimony to facts which established the assertions contained in the report. *See* § 8–43–310, C.R.S. (1992 Cum. Supp.).

The orders of the Panel disallowing an offset for mother's benefits, allowing claimant Goode to recoup the improper offset to the date of her husband's death, with interest, and concluding that decedent Travis' death is compensable, are affirmed.

NEY and DAVIDSON, JJ., concur.