Steven L. **ROSA** (deceased), **Christina L. Rosa, Joshua Rosa, Amber Rosa and Nathanial Rosa, Petitioners and Cross-Appellees,**

v.

The **INDUSTRIAL CLAIM APPEALS OFFICE of the State of Colorado, Respondent,**

and

Warner **Electrical Contracting and Colorado Compensation Insurance Authority, Respondents and Cross-Appellants.**

Nos. 93CA1328, 93CA1419.

Colorado Court of Appeals, Div. II.

Oct. 6, 1994.

Wilcox & Ogden, P.C., Ralph Ogden, Denver, Steven U. Mullens, P.C., Steven U. Mullens, Colorado Springs, for petitioners and cross-appellees.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John D. Baird, Asst. Atty. Gen., Denver, for respondent.

Paul Tochtrop, Michael J. Steiner, Denver, for respondents and cross-appellants.

Opinion by Judge HUME.

Petitioners, dependents of the deceased worker, Steven L. Rosa (claimants), seek review of a final order of the Industrial Claim Appeals Panel which determined that the Administrative Law Judge (ALJ) properly reopened the claim for purposes of ordering retroactive application of a recent decision of this court, but erred in granting the reopening to reduce the social security benefit offset from 100% to 50%. Respondents, Warner Electrical Contracting and Colorado Com-

pensation Insurance Authority, also seek review of a portion of the Panel's order. We affirm in part and set aside in part.

This case has a complex history and was previously appealed when the dependents of the deceased worker challenged the constitutionality of the offset provision. *Rosa v. Warner Electrical Contracting,* 849 P.2d 845 (Colo.App.1992), *aff'd,* 870 P.2d 1210 (Colo. 1994). However, the pertinent facts are undisputed.

The decedent was killed in 1987 while employed by Warner Electric, and compensability was admitted. Absent any offsets, claimants would have received $1,385.49 per month in death benefits pursuant to § 8–50–103, C.R.S. (1986 Repl.Vol. 3B) (codified with changes at § 8–42–114, C.R.S. (1994 Cum. Supp.)). However, claimants received $1,424 per month in federal social security death benefits ($356 for mother's benefits and $356 each for three children). Thus, the 100% offset provided for under § 8–50–103 resulted in the claimants not receiving any workers' compensation benefits.

On May 29, 1991, the General Assembly amended § 8–42–114 to reduce the offset of workers' compensation benefits to 50% of the periodic benefits received under the federal social security system. *See* Colo.Sess.Laws 1991, ch. 223, § 8–42–114 at 1351–52. Thereafter, claimants sought a reopening to reduce the offset as applied to future payments of workers' compensation dependent benefits. They later also requested a reopening based on the holding in *L.E.L. Construction v. Goode,* 849 P.2d 876 (Colo.App.1992).

## I.

Relying on *Goode,* the ALJ reopened the claim and ordered respondents to recalculate claimants' benefits without regard to the "mother's benefit" and to pay all back benefits determined to be due and owing after the recalculation. The Panel affirmed this portion of the ALJ's order. Respondents sought review of that portion of the Panel's order, and the contention, upon our consolidation order, has been styled as a cross-appeal.

However, since the Panel's order, the supreme court has reversed this court's decision in *Goode* and has held that the federal social security mother's benefits constitute "periodic death benefits" within the meaning of § 8–42–114 and that such benefits can be offset against state workers' compensation benefits. *L.E.L. Construction v. Goode,* 867 P.2d 875 (Colo.1994).

■ Therefore, the Supreme Court's ruling is dispositive on this issue, and the Panel's order must be set aside to the extent that it concluded that the mother's benefit did not constitute a periodic death benefit under the Social Security Act and was not to be offset against the workers' compensation benefit.

## II.

The ALJ also granted the petition to reopen on the additional ground that the amendment to § 8–42–114 was intended to apply in cases in which the death occurred prior to the effective date of the amendment. The Panel disagreed and set aside this portion of the ALJ's order.

Claimants seek review, contending that the amendment applies to benefits paid after May 29, 1991, even in cases in which death occurred prior to the effective date of the amendment. They argue that because the safety clause declared that the amendment was necessary for the immediate preservation of the public peace, health, and safety and did not expressly indicate that it applied only to deaths occurring on and after its effective date, the only reasonable inference is that the General Assembly intended the reduced offset to apply to all benefits payable on and after its effective date. We disagree.

■ In rejecting claimant's argument, the Panel determined that the safety clause did not concern the retroactivity question, but was designed to immunize the statute from attack through the referendum process. The Panel also concluded that the amendment to § 8–42–114 was substantive in nature and, as such, could apply only prospectively. We agree with this analysis. *See Cavanaugh v. State,* 644 P.2d 1 (Colo.1982).

Unless a contrary intent is expressed, statutory changes in procedural law are applicable to existing claims while changes in substantive law generally apply only prospectively. *People in Interest of S.B.,* 742 P.2d 935 (Colo.App.1987). Legislation is applied retroactively when it operates on rights and obligations that existed before its effective date. *Ficarra v. Department of Regulatory Agencies,* 849 P.2d 6 (Colo.1993).

The rights and liabilities of the parties to a workers' compensation claim for death benefits accrue or vest at the time of death. *Estate of Huey v. J.C. Trucking, Inc.,* 837 P.2d 1218 (Colo.1992); *Tucker v. Claimants in re Death of Gonzales,* 37 Colo. App. 252, 546 P.2d 1271 (1975). This rule is consistent with the general rule that the rights and liabilities of the parties are determined by the statute in effect at the time of injury, except that procedural changes may be immediately applied to ongoing claims for benefits. *Kinninger v. Industrial Claim Appeals Office,* 759 P.2d 766 (Colo.App.1988).

Furthermore, one of the long-recognized purposes of the Workers' Compensation Act is to provide for the speedy and reliable compensation for injuries to workers. Section 8–40–102(1), C.R.S. (1994 Cum. Supp.); *Bellendir v. Kezer,* 648 P.2d 645 (Colo.1982). A formula calculating awards based on the loss incurred at the time of the injury or death furthers this purpose as it allows all parties involved to determine with some degree of certainty the amount of compensation to which the worker is entitled. This certainty, in turn, aids the parties in reaching prompt agreement on compensation issues and also aids insurers in setting employer premiums. *Bellendir v. Kezer, supra.*

Accordingly, we reject claimants' characterization of the offset statute as procedural or remedial so as to render it applicable to workers' compensation benefits payable after the date of the amendment's enactment. To the contrary, we conclude that the rights and liabilities of the parties became fixed as of the date of injury or death, and any subsequent change in the offset statute does not affect the liability already incurred even though the payment of benefits is continuing.

That portion of the Panel's order that requires recalculation of claimants' benefits without regard to the mother's benefit and repayment of "all back benefits" resulting from such recalculation is set aside. That portion of the order determining that respondents continued to be entitled to a 100% offset of the social security benefits after May 29, 1991, is affirmed, and the cause is remanded to the Panel for recalculation of claimants' benefits consistent with the views expressed herein.

PLANK and ROY, JJ., concur.