In the Matter of the ESTATE OF Spicer Humphreys BREEDEN, a/k/a Spicer H. Breeden, a/k/a Spicer Breeden, Deceased Impartial, and Concerning Sydney Stone, as co-personal representative of the Estate of Breeden, Petitioner–Appellant and Cross–Appellee,

v.

Lawrence P. GELFOND, Respondent–Appellee and Cross–Appellant.

No. 01CA1545.

Colorado Court of Appeals, Div. III.

Aug. 28, 2003.

Rehearing Denied Oct. 9, 2003.

Certiorari Denied March 22, 2004.

Law Office of Larry A. Henning, Larry A. Henning, Denver, Colorado, for Petitioner–Appellant and Cross–Appellee.

Gorsuch Kirgis LLP, Peter R. Nadel, Stephen M. Brainerd, Julie L. Rosen, Denver, Colorado, for Respondent–Appellee and Cross–Appellant.

Opinion by Judge MARQUEZ.

In this consolidated appeal, petitioner, Sydney Stone, appeals from a partial summary judgment, a judgment entered after an evidentiary hearing, and other orders issued by the probate court in favor of respondent, Lawrence P. Gelfond. Respondent cross-appeals the probate court's denial of his request for an award of attorney fees and costs. We affirm in part, reverse in part, and remand for further proceedings.

This action concerns the estate of Spicer Breeden, which has been in probate administration since 1996. Petitioner has previously filed appeals in this estate proceeding. *See In re Estate of Breeden*, (Colo.App. No. 01CA0571, Mar. 21, 2002)(not published pursuant to C.A.R. 35(f)); *In re Estate of Breeden*, (Colo.App. No. 01CA1744, Nov. 14, 2002)(not published pursuant to C.A.R. 35(f)); *In re Estate of Breeden*, (Colo.App. Nos. 01CA1006, 01CA2174 & 02CA0125, July 3, 2003)(not published pursuant to C.A.R. 35(f)).

At petitioner's request, respondent was appointed personal representative of the estate in June 1997. He served in this capacity until petitioner sought to have him replaced. His petition to withdraw was granted effective September 9, 1998.

Although respondent had filed a second interim accounting of the estate's assets in August 1998, he filed his final accounting in November 1998.

In April 1999, petitioner filed her surcharge petition against respondent as an interested person. The probate court granted a partial summary judgment denying petitioner's claims regarding improper sales of estate property, failure to pursue an insurance claim, and disposal of estate assets. The remaining issues were resolved during or following an evidentiary hearing.

## I. Attorney Fees

We first address respondent's contention on cross-appeal that the probate court erred in holding that a retired personal representative is not entitled to recover legal fees and unreimbursed costs incurred in the successful defense against a surcharge action. In our view, such fees and costs are authorized under the relevant version of § 15–12–720, Colo. Sess. Laws 1973, ch. 451, § 153–3–720 at 1591.

■■■ Interpretation of a statute is a question of law, and an appellate court is not bound by the trial court's interpretation. In construing statutory provisions, our obligation is to give full effect to the legislative intent. If the legislative intent is conveyed by the commonly understood and accepted meaning of the statutory language, we look no further. *Gorman v. Tucker,* 961 P.2d 1126 (Colo.1998).

Section 15–12–720 then provided: "If any personal representative or person nominated as personal representative defends or prosecutes any proceeding in good faith, whether successful or not he is entitled to receive from the estate his necessary expenses and disbursements including reasonable attorneys' fees incurred." This provision appears in substantially the same form in § 15–12–720(1), C.R.S.2002.

■■ Fees collectable under this section must necessarily be related to services rendered to benefit the estate. *In re Estate of Painter,* 671 P.2d 1331 (Colo.App.1983).

■■ Here, although respondent prevailed on the merits, the probate court found no persuasive Colorado authority allowing it to award attorney fees to a retired fiduciary who successfully defends a surcharge action. Both the probate court's ruling and petitioner's argument on appeal are based on the fact that when the surcharge action was filed, respondent was no longer the personal representative. We do not read the statute so narrowly.

The statute provides that "any" personal representative may be reimbursed and does not distinguish between past or present personal representatives. Further, recovery is allowed for defending or prosecuting "any" proceeding, so long as it is done in good faith. *See In re Estate of Phipps,* 713 P.2d 412, 414 (Colo.App.1985)("The section is limited only by the requirements that the personal representative must have defended the proceeding in good faith and that the expenses incurred must have been necessary and reasonable to the administration of the estate.").

Our interpretation is supported by cases from other jurisdictions holding that retired personal representatives, trustees, or other fiduciaries should be allowed to recover legal fees arising out of their fiduciary service. *See Morrison v. Watkins,* 20 Kan.App.2d 411, 889 P.2d 140 (1995)(trustee entitled under statute to recover expenses necessarily incurred in successfully defending actions as trustee, even when expenses are incurred after trustee's termination); *In re Estate of Stenson,* 243 Mont. 17, 792 P.2d 1119 (1990)(fees for work done on behalf of former personal representative were recoverable under similar statute); *In re Estate of Flaherty,* 484 N.W.2d 515 (N.D.1992)(no error in allowing former personal representative attorney fees for defending will contest).

Relying on *In re Estate of Painter, supra; Proudfit v. Coons,* 137 Colo. 353, 325 P.2d 273 (1958); and *In re Estate of Coors,* 140 Colo. 343, 344 P.2d 184 (1959), petitioner contends that the "benefit rule" precludes respondent from recovering legal fees and unreimbursed costs incurred in the successful defense against a surcharge action. We disagree.

■ The benefit rule is a general rule that no allowance may be made out of a decedent's estate for the services of an attorney not employed by the personal representative of the estate, where the services were rendered for the sole benefit of an individual or group of individuals interested in the estate. *See In re Estate of Coors, supra; In re Estate of Phipps, supra.*

In *Painter, supra,* a division of this court applied the benefit rule to preclude the estate from paying counsel to represent the administrator of the estate and the estate's attorney. However, the division specifically determined that the issues litigated were not related to estate administration.

In *Phipps, supra,* the division noted that *Tuckerman v. Currier,* 54 Colo. 25, 129 P. 210 (1912), held that executors of a will are justified in incurring necessary and legitimate expenses in the defense of their appointments and their course of procedure in good faith when attacked while in office. *See also Weidlich v. Comley,* 267 F.2d 133, 134 (2d Cir.1959)("When the trustee's administration of the assets is unjustifiedly assailed it is a part of his duty to defend himself, for in so doing he is realizing the settlor's purpose."); *In re Estate of Flaherty, supra* (word "benefit" applies to every aspect of estate administration which sound judgment would approve).

Here, respondent was the personal representative of the estate for over a year and was sued for work he performed in that capacity. Further, the probate court's findings indicate that respondent's work benefited the estate. Therefore, we conclude that respondent is entitled to necessary expenses, disbursements, and reasonable attorney fees incurred in defending this action.

## II. Recusal

We reject petitioner's contention that the probate judge erred in failing to recuse herself. She asserts the judge became personally involved and evinced bias and enmity toward petitioner. Other divisions of this court in the three prior appeals have resolved this issue against petitioner, and we find no reason to depart from those decisions here.

## III. Summary Judgment

We also reject petitioner's claims regarding the partial summary judgment.

Summary judgment is appropriate only when the pleadings and supporting documents demonstrate that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. *Vail/Arrowhead, Inc. v. Dist. Court,* 954 P.2d 608 (Colo.1998). The moving party has the burden of establishing the lack of a triable factual issue, and all doubts as to the existence of such an issue must be resolved against the moving party. *Vectra Bank v. Bank Western,* 890 P.2d 259 (Colo. App.1995).

Once the moving party has met its initial burden, the burden shifts to the nonmoving party to establish that there is a triable issue of fact. *AviComm, Inc. v. Colo. Pub. Utils. Comm'n,* 955 P.2d 1023 (Colo.1998). A genuine issue of fact cannot be raised simply by means of argument by counsel. *People in Interest of J.M.A.,* 803 P.2d 187 (Colo.1990); *see Sullivan v. Davis,* 172 Colo. 490, 474 P.2d 218 (1970).

### A. Sale of Estate Assets

■ We are not persuaded by petitioner's contentions that the probate court should have examined the sale of personal property, including whether the auction was an appropriate venue and method to sell such property, and the sale of the Belcaro property. Relying on § 15–12–703(2), C.R.S.2002, respondent argues that a personal representative shall not be surcharged for acts of administration if the conduct in question was authorized at the time. We agree that § 15–12–703(2) applies, the record indicates respondent was authorized to sell the property, and therefore, summary judgment on these matters was proper.

Moreover, the petition to surcharge asserts that respondent "breached his duties by selling valuable items of tangible personal property belonging to the estate consisting of art work at an auction which was an improper and imprudent venue for the sale of such items." In support of his motion for summary judgment, respondent attached peti-

tioner's deposition stating that her specific concern was that certain art works were not sold to individual collectors or through a gallery. In response to that motion, petitioner questioned the propriety of the sale, but provided no evidence that the sale of the art work through auction resulted in any loss to the estate.

And although petitioner now contends the Belcaro property was sold for less than fair market value, her petition for surcharge does not mention the Belcaro property, much less assert that the sale price was improper. Further, during her deposition, petitioner acknowledged that the Belcaro house needed to be sold to pay creditors' claims. Nor does she provide this court with any references to the record to support her contention. *See Westrac, Inc. v. Walker Field*, 812 P.2d 714 (Colo.App.1991)(respondent did not designate any portion of the record supporting its claims; bare statements in brief cannot supply that which must appear from a certified record).

Consequently, these arguments by counsel do not raise a genuine issue of material fact, and the probate court did not err in not addressing them.

## B. Insurance Claim

We also do not agree with petitioner's contention that the probate court should have examined respondent's failure to file insurance claims for damaged property.

■ Here, respondent's motion for summary judgment asserted that petitioner acknowledged through deposition that she had directed him, during the pendency of his petition to withdraw, to take no further steps in pursuit of an insurance claim for the damaged items. The deposition does not appear in the record on appeal.

In her response to the motion, petitioner disputed the interpretation of her deposition. However, on appeal she acknowledges that she eventually asked respondent to take no further efforts to submit an insurance claim. The probate court stated, "There appears to be no dispute in the pleadings the [petitioner] discouraged [respondent] from pursuing the insurance claim while he was personal

representative." It further noted that petitioner had not presented any evidence that the claim was stale on the date respondent resigned. Thus, it concluded petitioner was estopped from asserting this claim.

Consequently, summary judgment on this issue was properly granted.

## C. Discarded Estate Property

Petitioner's contention regarding the disposition of certain estate property also fails.

The probate court granted summary judgment to the extent that certain items were in petitioner's possession. We agree that, as a matter of law, petitioner failed to state a claim as to those items.

## IV. Evidentiary Hearing Issues

We also perceive no error with respect to the issues resolved after the evidentiary hearing.

■ It is for the trial court, as trier of fact, to determine the sufficiency, probative effect, and weight of the evidence and to assess the credibility of witnesses. Its findings will not be overturned on appeal unless they are so clearly erroneous as not to find support in the record. When the evidence is conflicting, a reviewing court may not substitute its conclusions for those of the trial court merely because there may be credible evidence supporting a different result. *Oliver v. Amity Mut. Irrigation Co.*, 994 P.2d 495 (Colo.App.1999); *see Silverberg v. Colantuno*, 991 P.2d 280 (Colo.App.1998).

## A. Inadequate Interest and Investments

■ Petitioner contends respondent breached his fiduciary duties by holding an average of $142,826.24 for sixteen months in a bank account earning 1.5% interest when a telephone call could have doubled the interest earned. We disagree.

■ Fiduciaries are governed by §§ 15–1–101 to 15–1.1–115, C.R.S.2002. Whether a breach of a fiduciary duty has occurred is a question of fact. *Silverberg v. Colantuno, supra.*

Here, the probate court credited respondent's explanations for the investments as reasonable. The court also found that the bank accounts met the fiduciary standard for deposit of estate funds. The probate court's findings are supported by the record and will not be disturbed.

### B. Sale of Art Work

We also reject petitioner's contention that the court's ruling regarding the sale of a piece of art evidences bias and plain error. Petitioner asserts that respondent sold a valuable sculpture at auction as miscellaneous property in a box of used automobile parts.

Considering the testimony of the auctioneer and his assistant, the probate court properly found no credible evidence that the sculpture was sold at the estate auction. It further noted that even if respondent had acted negligently, the claim should be denied because the person now in possession of the sculpture testified that he stands ready to deliver it to the estate without consideration. We find no error in these rulings.

### C. Missing Property

We also disagree with petitioner's contention regarding allegedly missing property. The probate court provided petitioner with an opportunity to prove at trial that items of value were lost. After trial, the court properly denied petitioner's claim because she had presented no direct, credible evidence that respondent discarded items of value from the estate.

Additionally, petitioner's claim for missing jewelry was not raised before the probate court. Therefore, we will not otherwise address it here. *See Estate of Stevenson v. Hollywood Bar & Cafe, Inc.*, 832 P.2d 718 (Colo.1992); *Minto v. Lambert*, 870 P.2d 572 (Colo.App.1993).

### D. Excessive Fees for Tax Work

Petitioner's contention that the probate court erred in not surcharging respondent for excessive fees for tax returns also is not supported by the record.

The probate court found with record support that the tax work was either necessary to the estate or demanded by petitioner. It concluded that the fees appear reasonable based on time and amounts typical in the community. Further, it noted respondent's fees represented a substantial discount from his regular hourly rate. Thus, it concluded that the amount paid was not unreasonable.

Because these findings are supported by testimony of respondent's expert and the lack of evidence to the contrary, we perceive no error.

### E. Self–Dealing

Petitioner asserts that purchases between respondent and his wife are voidable under § 15–12–713(1), C.R.S.2002. She argues that the probate court abused its discretion in not enforcing its order to return a Rolex watch upon refund of the amount paid and in not allowing the estate its fees and costs. We disagree.

Section 15–12–713(1) provides, in relevant part, that any sale to the spouse of the personal representative is voidable by any person interested in the estate, except one who has consented.

Here, respondent's wife is a co-owner of a company that purchased the Rolex watch from the auctioneer the day after the auction. Respondent approved the sale, but testified that he did not know who the buyer was at the time. The court ordered that the current co-representatives of the estate may, at their sole election, refund the estate or art gallery the purchase price of all or any one of the questioned items in exchange for the items. Petitioner provides no references to the record indicating that she exercised her option as one of the co-representatives to rescind the sale.

We conclude petitioner has failed to demonstrate any harm to the estate from respondent's actions.

## V. Discovery

Petitioner next contends that when respondent and the auctioneer were unable to produce the estate auction records, the probate court erred in declining to require the auc-

tioneer to produce secondary records. In a related claim, petitioner contends the court erred in quashing a subpoena of the auctioneer's bank records. We perceive no error.

The trial court is in the best position to balance the needs of the parties with the prejudicial impact of a discovery request. A discovery request involves the exercise of discretion by the trial court. *Cherry Creek Sch. Dist. No. 5 v. Voelker,* 859 P.2d 805 (Colo.1993).

Here, respondent presented evidence that certain records were lost or destroyed in a flood and could not be reproduced. The probate court was satisfied with the auctioneer's testimony and affidavit that he did not have and could not reconstruct mailing lists from before, during, and after the auction of estate property.

The court also noted that there was no evidence presented that a reconstruction by the bank of all of the auctioneer's banking records would reveal the names and addresses of purchasers of items at the auction and link those names to items from the estate. In considering the "extremely attenuated nature of the information sought and the substantial burden on the witness to create the list required," the court granted the motion to quash.

Finally, in the court's view, the pressure to discover on the eve of trial was inconsistent with the rules of discovery, and petitioner did not offer a sufficient reason for her failure to complete discovery in the allowed time.

We thus conclude the probate court did not abuse its discretion.

## VI. Motions to Vacate or Continue Hearing

We also do not agree with petitioner's contention that the probate court erred in declining to continue the surcharge hearing scheduled for January 8, 2001.

Petitioner filed a motion to vacate that hearing on December 19, 2000. Petitioner's mother passed away on January 12, 2001. The motion to vacate addresses discovery and self-dealing issues, but does not mention petitioner's mother or any illness.

In a "Response to Verbal Motion to Vacate Hearing," respondent refers to a telephone hearing with the court on January 3, 2001, in which petitioner's counsel informed the court that petitioner would be unable to attend the January 8 hearing because of her mother's illness. The response also states the court indicated it would consider a written motion to vacate. The transcript of the January 8 hearing similarly reflects that the court would have entertained a written motion, but until one was filed, the court refused to delay the trial.

Petitioner also attempted to vacate a hearing scheduled for January 16, 2001, by filing an emergency motion a few minutes before the hearing. This motion informed the court that petitioner's mother had died and petitioner was out of town. On appeal, petitioner contends that because of court proceedings and the disbelief and insensitivity of the parties and the court, she did not see her mother before her death. In view of petitioner's failure to file a written motion to vacate in early January when the court invited her to do so, we perceive no abuse of discretion in its declining to continue the January 8 hearing.

## VII. Bill of Costs

We also reject petitioner's contention that the probate court erred in approving respondent's bill of costs under §§ 13–16–105 and 13–16–122, C.R.S.2002, for the surcharge hearing.

Section 13–17–202(1)(a)(II), C.R.S.2002, provides that a defendant shall be awarded actual costs accruing after an offer of settlement is made and rejected if the plaintiff does not recover a final judgment in excess of the amount offered. In granting respondent's bill of costs, the probate court indicated that it had "taken as true the unrebutted allegation that a written settlement offer was made" to petitioner by respondent, in an amount exceeding petitioner's recovery in this case. Therefore, under § 13–17–202(1)(a)(II), respondent was entitled to his costs.

The list of expenses that may be awarded as costs under § 13–16–122 is illus-

trative and not exclusive. In general, absent a specific prohibition, the trial court has discretion over the award of costs. *Cherry Creek Sch. Dist. No. 5 v. Voelker, supra.*

Relying on *Perkins v. Flatiron Structures Co.,* 849 P.2d 832 (Colo.App.1992), petitioner asserts that fees for an expert's assistant were not authorized. However, respondent here did not seek fees under § 13–33–102, C.R.S.2002, the statute at issue in *Perkins.* Nor does petitioner indicate how the $215 charge for the assistant was unreasonable.

■ Furthermore, if a party pays a monetary judgment, such an action may render an appeal from that judgment moot and rob the appellate court of jurisdiction because of a lack of a justiciable controversy. *Potter v. State Farm Mut. Aut. Ins. Co.,* 21 P.3d 874 (Colo.App.2001). Here, the estate paid respondent in full and requested respondent to provide a satisfaction of judgment and record a certificate of satisfaction of judgment as conditions of cashing the check. The letter accompanying payment, signed by petitioner's co-personal representative, makes no reference to reserving issues for appeal, and petitioner does not explain why the payment and satisfaction of judgment do not preclude review. *See Potter v. State Farm Mut. Auto. Ins. Co., supra.*

### VIII. Execution

Petitioner's remaining contentions regarding the second accounting, entry of judgment, and order allowing execution are also unavailing.

The probate court noted petitioner's "vague and unfocused objection to 'the amounts charged' " and gave her twenty days to file more specific objections, but petitioner did not do so. Further, because the judgment was voluntarily paid and execution never occurred, these issues are moot.

The judgment denying respondent's request for costs and attorney fees is reversed, and the case is remanded for proceedings to determine the amount, if any, of necessary

expenses, disbursements, and reasonable attorney fees that respondent may be awarded. The remainder of the judgments and orders are affirmed.

Judge ROY and Judge DAILEY concur.