The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Grover Edward BOSTON, Defendant–Appellee.

No. 08CA0885.

Colorado Court of Appeals, Div. IV.

Feb. 19, 2009.

Certiorari Granted Aug. 3, 2009.

Kenneth R. Buck, District Attorney, Christian J. Schulte, Chief Deputy District Attorney, Greeley, Colorado, for Plaintiff–Appellant.

Taylor & Rapp, LLP, Todd Taylor, Greeley, Colorado, for Defendant–Appellee.

Opinion by Judge FURMAN.

The People appeal the district court order dismissing the charge of sexual assault on a child by one in a position of trust against defendant, Grover Edward Boston, because the statute of limitations had run. We reverse.

## I.   Background

The victim alleged defendant sexually assaulted her numerous times between January 1, 1987 and December 31, 1992, but she did not report the incidents to the police until June 19, 2007.

On November 7, 2007, the People charged defendant with sexual assault on a child by one in a position of trust in violation of section 18–3–405.3(1) and (2)(a), C.R.S.2008, a class 3 felony, and with incest in violation of section 18–6–301, C.R.S.2008, a class 4 felony.

Defendant filed a motion to dismiss the charges because his prosecution was barred by the statute of limitations. At a hearing on defendant's motion, the People stated the victim's birthday was October 21, 1980 and argued the statute of limitations contained in H.B. 02–1396, which amended sections 16–5–401 and 18–3–411, permitted the charge of sexual assault on a child by one in a position of trust to be brought within ten years after the victim's eighteenth birthday, or until October 21, 2008, and on that basis the charge was timely brought. Ch. 288, secs. 1–2, §§ 16–5–401(8)(a)–(a.3) & 18–3–411(2)(a)–(b), 2002 Colo. Sess. Laws 1127–28.

Defendant argued the effective date clause of H.B. 02–1396, section 5(1), provides that it applies to offenses committed on or after the effective date of the bill (June 3, 2002), which conflicts with the date contained within the substantive amendments extending the statute of limitations for ten years after the victim's eighteenth birthday for offenses committed on or after July 1, 1992. Therefore, in defendant's view, the rule of lenity should be applied to bar his prosecution.

The district court agreed with defendant and, addressing only section 16–5–401, dismissed the charges.

The parties make the same arguments on appeal.

## II.   H.B. 02–1396

In H.B. 02–1396, the legislature substantially amended section 18–3–411(2) to read:

(a) No person shall be prosecuted, tried, or punished for an unlawful sexual offense other than the misdemeanor offenses specified in sections 18–3–402 and 18–3–404, unless the indictment, information, complaint, or action for the same is found or instituted within ten years after commission of the offense.... The ten-year statute of limi-

tations shall apply to all offenses specified in subsection (1) of this section which are alleged to have occurred on or after July 1, 1979, but prior to July 1, 1992.

(b) No person shall be prosecuted, tried, or punished for an unlawful sexual offense charged as a felony unless the indictment, information, complaint, or action for the same is found or instituted within ten years after the victim reaches the age of eighteen years. The ten-year statute of limitations shall apply to all felony offenses specified in subsection (1) of this section which are alleged to have occurred on or after July 1, 1992.

Ch. 288, sec. 2, § 18–3–411(2)(a), (b), 2002 Colo. Sess. Laws 1128.

Similarly, in H.B. 02–1396, the legislature amended the general statute of limitations, section 16–5–401, to read:

If the victim at the time of the commission of an offense or delinquent act is a child under eighteen years of age, the period of time during which an adult person or juvenile may be prosecuted shall be ten years after such victim reaches the age of eighteen years as to any offense or delinquent act:

(I) Charged as a felony under section ... 18–3–405.3 ....

Ch. 288, sec. 1, § 16–5–401(8)(a.3), 2002 Colo. Sess. Laws 1130.

The effective date clause of H.B. 02–1396 states:

SECTION 5. Effective date. (1) Except as otherwise provided in subsection (2) of this section, this act shall take effect upon passage, and shall apply to offenses committed on or after said date.

(2) This act shall only take effect if:

(a) The final fiscal estimate for H.B. 02–1292, as reflected in the appropriations clause for said act, shows a net general fund savings that is equal to or greater than the final general fund fiscal estimate for this act, as reflected in section 3 of this act; and

(b) H.B. 02–1292 is enacted at the Second Regular Session of the Sixty-third General Assembly and becomes law.

Ch. 288, sec. 5, 2002 Colo. Sess. Laws 1130.

The safety clause of H.B. 02–1396 states: SECTION 6. Safety clause. The general assembly hereby finds, determines, and declares that this act is necessary for the immediate preservation of the public peace, health, and safety.

Ch. 288, sec. 6, 2002 Colo. Sess. Laws 1130.

"An act of the general assembly shall take effect on the date stated in the act, or, if no date is stated in the act, then on its passage." Colo. Const. art. V, § 19. However, pursuant to section 1(3), article V, of the Colorado Constitution, the people are vested with the power of referendum "against any act or item, section, or part of any act of the general assembly," if filed within ninety days after adjournment of the session of the General Assembly that passed the bill, except as to "laws necessary for the immediate preservation of the public peace, health, or safety," and other specific appropriations. *See In re Interrogatories by Governor*, 66 Colo. 319, 320, 181 P. 197, 198 (1919). Thus, a clause stating that an act is "necessary for the immediate preservation of the public peace, health, or safety" is designed to immunize the act from attack through the referendum process. *See Rosa v. Indus. Claim Appeals Office*, 885 P.2d 331, 333 (Colo.App.1994).

An effective date clause used in conjunction with a safety clause allows a bill adopted by the General Assembly and approved by the governor to take effect prior to ninety days following the final adjournment of the session. *In re Interrogatories by Governor*, 66 Colo. at 320, 181 P. at 198.

Therefore, we conclude the effective date clause of H.B. 02–1396, section 5(1) did not conflict with the substantive amendments extending the statute of limitations for ten years after the victim's eighteenth birthday for offenses committed on or after July 1, 1992 because the intent of the General Assembly in enacting that clause was to: (1) show when the act took effect; and (2) immunize the bill from attack through the referendum process.

Moreover, the effective date clause is not contained in the Colorado Revised Statutes and is therefore not considered to be a part of the official statutes of the state. *See* § 2–5–118(1)(a), C.R.S.2008; *Suncor Energy (USA), Inc. v. Aspen Petroleum Products, Inc.,* 178 P.3d 1263, 1267 (Colo.App.2007).

Accordingly, the rule of lenity is inapplicable, and the statute of limitations did not bar the prosecution of defendant for the charge of sexual assault on a child by one in a position of trust.

In light of our holding, we need not address the parties' remaining contentions.

The order is reversed.

Judge WEBB and Judge RICHMAN concur.