**METRO GLASS & GLAZING, INC., and Colorado Compensation Insurance Authority, Petitioners,**

v.

**Susan ORONA and The Industrial Claim Appeals Office of the State of Colorado, Respondents.**

No. 93CA0632.

Colorado Court of Appeals, Div. II.

Jan. 27, 1994.*

* Opinion previously announced as non-published December 23, 1993 is now selected for publica-tion.

Paul Tochtrop, Denver, for petitioners.

Douglas R. Phillips, Denver, for respondent Susan Orona.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, *Chief Deputy Atty. Gen.,* Timothy M. Tymkovich, Sol. Gen., John D. Baird, Asst. Atty. Gen., Denver, for respondent Indus. Claim Appeals Office.

Opinion by Judge NEY.

At issue in this workers' compensation case is whether death benefits payable to a dependent spouse under § 8–42–116(1), C.R.S. (1993 Cum.Supp.) are subject to an offset for social security disability (SSDI) insurance benefits. The Industrial Claim Appeals Panel ruled that the death benefits cannot be offset by SSDI benefits which terminated upon the decedent's death. We agree and, therefore, affirm.

The pertinent facts are not in dispute. The decedent, Nate Orona, suffered a compensable injury in June 1987, which left him permanently and totally disabled. Because the decedent was receiving SSDI benefits, his permanent total disability benefits were paid at the reduced rate of $250.23 per week at the time of his death, rather than the maximum permanent total disability rate of $351.68 which he receive initially.

The petitioners concede that the decedent's widow is entitled to death benefits under § 8–42–116(1). However, they argue that the Administrative Law Judge (ALJ) and the Panel erred in awarding death benefits at the maximum rate of $351.68 per week, rather than the pre-death rate of $250.23 per week, as reduced by the social security offset. We find no error.

Section 8–42–116(1)(a) provides that when a permanently and totally disabled employee dies from causes that are unrelated to the industrial injury, the death benefit consists of:

> the unpaid and unaccrued portion of the permanent total disability benefit which the employee would have received had the employee lived until receiving compensation at the employee's *regular rate* for a period of six years. (emphasis added)

However, the statute does not specify whether the "regular rate" of compensation means the compensation which the decedent was "regularly" receiving at the time of death, or the rate of compensation he would have received without regard to the social security offset.

■ If, as here, a statute is susceptible of more than one interpretation, the court must rely on principles of statutory construction, taking into account the nature of the problem addressed by the legislation and the consequences of a particular construction. Section 2–4–201(1)(c), C.R.S. (1980 Repl.Vol. 1B); *Eckhardt v. Village Inn,* 826 P.2d 855 (Colo. 1992).

■ Generally, the courts will defer to the construction of the statute by the administrative officials charged with its enforcement. *Larimer County School District Poudre R–1 v. Industrial Commission,* 727 P.2d 401 (Colo.App.1986).

■ The purpose of § 8–42–116(1)(a) is to provide dependents of deceased workers with a substitute for the support previously provided by the decedent through the receipt of permanent total disability benefits. *See Wilson v. Jim Snyder Drilling,* 747 P.2d 647 (Colo.1987); *L.E.L. Construction v. Goode,* 849 P.2d 876 (Colo.App.1992).

In cases involving the social security offset, our courts have refused to allow an offset for

social security benefits which are paid for reasons other than the wage replacement function served by workers' compensation benefits. *Hoffman v. Hoffman,* (Colo.App. No. 93CA0196, Jan. 27, 1994) (no offset for widow's benefit); *Wilson v. Jim Snyder Drilling, supra* (no offset for social security cost of living increases); *L.E.L. Construction v. Goode, supra* (no offset for mother's benefit); *Larimer County School District Poudre R–1 v. Industrial Commission, supra* (no offset for widow's benefit).

■ Underlying all of the foregoing decisions is the principle that the social security offset exists to avoid a duplication of benefits. *Industrial Commission v. Edlund,* 759 P.2d 7 (Colo.1988).

In this case, it is undisputed that the decedent's SSDI disability benefits terminated upon his death. Consequently, allowance of the offset would result in an absolute decrease in the amount of support received by his wholly dependent widow. We conclude that such a result would be manifestly inequitable and contrary to the beneficent purposes of the Workers' Compensation Act.

We further note that under the "rule of independence," disability payments awarded to an injured worker and death benefits awarded to the employee's dependents are entirely independent of one another. *State Compensation Insurance Fund v. Industrial Commission,* 724 P.2d 679 (Colo.App.1986). Clearly, it would be contrary to the rule of independence to allow the widow's death benefits to be reduced for nonexistent SSDI benefits.

■ Therefore, consistent with the foregoing principles, we hold that the death benefit under § 8–42–116(1) is not subject to an offset for the SSDI payments which have terminated upon the disabled worker's death.

In such cases, the applicable "regular rate" under § 8–42–116(1)(a) is the rate of total permanent disability benefits without regard for the SSDI offset. This construction of the statute serves the legislative purpose of avoiding duplicate compensation while, at the same time, providing a full substitute for the support previously provided by the deceased worker.

The order is affirmed.

TURSI and TAUBMAN, JJ., concur.