Charlene AGER; Robert W. Burns; Marjorie Duffy; Paul Gilbert; Monty D. Harrison; R. Burnell Held; W. Dwain Miller; Elmar Reiter; Rodney Skogerboe; William Thomas; on behalf of themselves and as representatives of the class herein defined, Plaintiffs–Appellees and Cross–Appellants,

v.

PUBLIC EMPLOYEES' RETIREMENT ASSOCIATION BOARD; Public Employees' Retirement Association; Robert J. Scott; Frank Taulli; Marsha M. Jackson; Roberta Altenbern; Patrick E. Dougherty; John Ehnes; Ada Houck;

Richard Lansford; Terry Lantry; William Maguire; Gar McInnis; George H. Meares; J. Kim Natale; Donald P. Smith, Jr.; Carl S. Wilkerson; Timothy M. O'Brien; Gail S. Schoettler, Defendants–Appellants and Cross–Appellees,

and

State Board of Agriculture in the Interest of Colorado State University, Defendant–Appellee.

No. 93CA0986.

Colorado Court of Appeals,
Div. IV.

Sept. 14, 1995.

As Modified on Denial of Rehearing
Jan. 18, 1996.

Fischer, Howard & Francis, Steven G. Francis, Fort Collins, for plaintiffs-appellees and cross-appellants.

Hamilton and Faatz, P.C., Gregory W. Smith, Dwight A. Hamilton, Michael E. Gurley, Denver, for defendants-appellants and cross-appellees Public Employees' Retirement Association Board, Public Employees' Retirement Association, Robert J. Scott, Frank Taulli, Marsha M. Jackson, Roberta Altenbern, Patrick E. Dougherty, John Ehnes, Ada Houck, Richard Lansford, William Maguire, Gar McInnis, George H. Meares, J. Kim Natale, Donald P. Smith, Jr., Carl S. Wilkerson, Timothy M. O'Brien, and Gail S. Schoettler.

Frey, Korb, Haggerty and Michaels, P.C., John Frey, Ft. Collins, for defendant-appellant and cross-appellee Terry Lantry.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Michael W. Schreiner, Assistant Attorney General, Denver, for defendant-appellee.

Opinion by Judge KAPELKE.

Public Employees' Retirement Association (PERA) and the Board of Trustees of PERA (Board) appeal from the judgment entered by the trial court in favor of plaintiffs, who are representatives of a class of individuals that retired under the Colorado State University (CSU) Accelerated Retirement Plan (Plan). The judgment reversed the Board's determination that, for purposes of calculating retirement benefits, plaintiffs' salaries did not include certain increases they received in the last two years of their employment pursuant to the Plan. PERA also appeals the trial court's order awarding costs to plaintiffs. Plaintiffs cross-appeal the trial court's dismissal of their claims under 42 U.S.C. § 1983 (1988) against PERA, the Board, and the individual members of the Board. We affirm in part, reverse in part, and remand with directions.

In the mid–1980s, CSU offered to allow certain faculty members and administrative personnel, including plaintiffs, to participate in the Plan. Each faculty member who participated in the Plan was offered compensation increases on the condition that he or she agree to retire on a date certain.

CSU and each Plan participant entered into an "Accelerated Retirement Agreement" which provided as follows:

> It is agreed that (name) will retire fully from his/her position as (rank), Department of _____, effective (date), 19__, under the condition(s) that his/her (9 or 12)–month base salary for 19__–19__ will be increased by 15 percent effective (date), 19__, and by an additional 15 percent of the resultant base to a new base of $(amount) (excluding fringe) effective (date), 19__. In accordance with this agreement, his/her base salary for the last year of service at Colorado State University will be $(amount).

The compensation increases that the Plan participants received were greater than those they would have received had they not signed an agreement to retire on a date certain.

In 1990, after many of the plaintiffs had already retired and been receiving retirement benefits based in part on the 15 percent increases provided for in their agreements with CSU, the Board received an anonymous "whistle-blower" letter describing the Plan and questioning whether the compensation increases constituted salary for purposes of calculating retirement benefits payable by PERA.

The Board thereafter held an executive meeting to discuss the Plan and determine whether compensation received pursuant to the Plan constituted salary for purposes of calculating benefits payable by PERA. Representatives of CSU attended the meeting and spoke about the Plan; however, plaintiffs did not receive notice of or participate in the meeting.

At a later meeting, the Board determined, based in part on the information received at the first meeting, that the 15 percent increases plaintiffs received during the last two years of their employment at CSU were paid in consideration for their agreements to retire and were therefore "bonuses in the nature of a retirement inducement." The Board thus concluded that the increases were not includable as salary for purposes of calculating retirement benefits payable by PERA. Plaintiffs had not been given notice of and did not attend this meeting.

In a letter dated March 13, 1991, the Board notified plaintiffs of its determination and indicated that their benefits would be recalculated and reduced accordingly. The notification letters further stated that:

We have assumed, in making the recalculation, that you would not have received a salary increase during the final two years of employment and that the 15% salary adjustment per year for your final two years of employment was all an inducement for early retirement. We have asked CSU to notify us of any salary increase that you would have been paid had you not retired under the provisions of the Accelerated Retirement Plan. If this informa-

tion is provided, your benefit may be increased to reflect any additional salary certified by CSU.

The Board advised plaintiffs that it would require them to repay to PERA the total amount of overpayments they had received as a result of the miscalculation of their benefits. The Board's letter did not advise plaintiffs of any procedure or time limit for challenging the determination.

Plaintiffs thereafter filed a class action in which they sought declaratory and injunctive relief, damages pursuant to 42 U.S.C. § 1983, and review of the Board's action, pursuant to C.R.C.P. 106 and § 24–4–106, C.R.S. (1988 Repl.Vol. 10A) of the Administrative Procedure Act (APA). In their declaratory judgment claim, plaintiffs sought a determination that the Board reduced their benefits "on the basis of an error of law . . . [and] an error of fact," that the Board's action was arbitrary and capricious, that the compensation plaintiffs had received pursuant to the Plan constituted salary for purposes of calculating retirement benefits payable by PERA, and that the Board was estopped from reducing plaintiffs' retirement benefits.

The trial court granted plaintiffs' motion for a preliminary injunction prohibiting PERA from reducing plaintiffs' retirement benefits.

Following the court's entry of the preliminary injunction, the Board sent a letter to each plaintiff indicating the specific amount of reduction of retirement benefits that would result from a recalculation based on exclusion of any salary increases for the last two years of employment. In its letter, the Board acknowledged that the trial court's order required the Board to maintain plaintiffs' retirement benefits at the original amount during the pendency of the litigation. The Board also advised plaintiffs that its decision "concerning the reduction of . . . benefit payments may be appealed through administrative review in accordance with . . . PERA's Rules."

The Board and the individual defendants thereafter moved for an order suspending hearings before the Board regarding the individual retirees' appeals of the Board's de-

termination pending the outcome of the proceedings before the trial court. The trial court granted the motion.

The court then held a hearing on plaintiffs' claims for declaratory and injunctive relief and their request for review of the Board's decision. At the hearing, the court received testimony and exhibits beyond that presented to the Board.

The trial court thereafter determined that all the increases paid to plaintiffs under the Plan constituted salary for purposes of calculating plaintiffs' PERA benefits. The court dismissed, on the basis of sovereign immunity, plaintiffs' claims under 42 U.S.C. § 1983 for alleged violations of their right to due process. In addition, the court denied the parties' cross-motions for summary judgment on plaintiffs' claim that PERA, the Board, and the individual Board members were estopped from reducing plaintiffs' retirement benefits.

## I.

■ PERA first contends that the trial court erred in determining that the compensation adjustments plaintiffs received pursuant to the Plan were "salary" for purposes of calculating retirement benefits to be paid by PERA. We agree.

## A.

The standard applicable to the district court's review of the Board's determination is set forth in the APA. First, § 24–4–106(7), C.R.S. (1988 Repl.Vol. 10A), provides in pertinent part that:

> If the Court finds no error, it shall affirm the agency action. If it finds that the agency action is arbitrary or capricious, a denial of statutory right ... in excess of statutory jurisdiction, authority ... unsupported by substantial evidence when the record is considered as a whole, or otherwise contrary to law, then the court shall hold unlawful and set aside the agency action....

In addition, § 24–4–106(8), C.R.S. (1988 Repl.Vol. 10A) of the APA provides that:

Upon a showing of irreparable injury, any court of competent jurisdiction may enjoin at any time the conduct of any agency proceeding in which the proceeding itself or the action proposed to be taken therein is clearly beyond the constitutional or statutory jurisdiction or authority of the agency.

■ As a general rule, courts defer to the interpretation of a statute by the agency charged with its administration. *Banner Advertising, Inc. v. City of Boulder,* 868 P.2d 1077 (Colo.1994); *Metro Glass & Glazing, Inc. v. Orona,* 868 P.2d 1178 (Colo.App.1994).

Here, the trial court found that the payments in question were not made as inducements for early retirement and concluded that the Board had misconstrued the applicable statute and that its decision was contrary to law. Pursuant to § 24–4–106(6), C.R.S. (1988 Repl.Vol. 10A), the trial court therefore enjoined PERA from reducing plaintiffs' retirement benefits.

■ Our review of the trial court's decision is governed by the same standard that is applicable to the trial court's review of the Board's determination. Thus, we may reverse the trial court's ruling only if it is unsupported by competent evidence in the record or is based on erroneous conclusions of law. Section 24–4–106(11), C.R.S. (1988 Repl.Vol. 10A).

■ Section 24–51–205(1), C.R.S. (1988 Repl.Vol. 10B) provides that:

> The board shall have the authority to determine membership status ... eligibility for benefits ... and service credit and salary to be used in calculations pursuant to the provisions of this article.

Thus, the Board has the responsibility to make the factual determination as to whether income received by a member is or is not salary for purposes of calculating benefits that the member may receive from PERA. *See also Public Employees' Retirement Ass'n v. Stermole,* 874 P.2d 444 (Colo.App.1993).

Section 24–51–101(42), C.R.S. (1988 Repl. Vol. 10B) defines salary as:

> compensation for services rendered to an employer and includes: Regular salary or

pay; any pay for administrative, sabbatical, annual, sick, vacation, or personal leave. . . . *Salary does not include . . . bonuses for services not actually rendered, including* but not limited to *early retirement inducements. . . .* (emphasis added)

In *Rumford v. Public Employees' Retirement Ass'n*, 883 P.2d 614 (Colo.App.1994), the plaintiff was a professor at the University of Northern Colorado. Pursuant to plaintiff's "Retirement Agreement," the University agreed to provide two 15 percent increases over three academic semesters, and plaintiff agreed to retire at the end of the third semester. There was evidence that the 15 percent increases exceeded those the plaintiff would have received had he not entered into the Retirement Agreement and that his job responsibilities were similar to those he had in prior years.

After Rumford's retirement, the PERA Board determined that his salary for purposes of calculating retirement benefits did not include the entire amount of the 15 percent increases he received pursuant to the Retirement Agreement. The Board concluded that the increases were "expressly paid in consideration for [plaintiff's] agreement to retire" and that they were "not paid for teaching or related services, but as a bonus in the nature of retirement inducement." Accordingly, the Board ruled that the increases should be excluded from plaintiff's salary to the extent they exceeded any annual increases he would have received in the ordinary course of events. The district court reversed the Board's determination and held in favor of Rumford.

A division of this court reversed the trial court and upheld the Board's determination, concluding that:

The Board's authority to determine salary for PERA purposes does not conflict with the university's authority to set the compensation for its faculty. . . . The university may set compensation for its faculty, but the Board must determine whether that compensation is for services actually rendered to the university or is an inducement for retirement, and otherwise meets the statutory definition of salary for PERA purposes.

*Rumford v. Public Employees' Retirement Ass'n, supra,* 883 P.2d at 616.

In a previous case, another division of this court had undertaken a similar analysis in *Public Employees' Retirement Ass'n v. Stermole, supra,* and recognized that, while an employer may structure payments to its employees, it is the Board, rather than the employer, that has the authority to determine the employees' entitlement to receive PERA benefits based on such payments.

Here, the trial court rejected the Board's determination and concluded that the compensation plaintiffs received under the Plan constituted salary for purposes of calculating retirement benefits payable by PERA. However, it did not have the benefit of the *Rumford* and *Stermole* decisions when it made its ruling.

There is no meaningful distinction between the circumstances here and those presented in *Rumford.* Our review of the record thus supports the Board's interpretation that, the Plan is one for the payment of bonuses in the nature of a retirement inducement. Accordingly, under the express statutory definition of "salary" contained in § 24–51–101(42), those portions of the 15 percent increases plaintiffs received in each of their last two years of employment at CSU solely by reason of their participation in the Plan do not constitute salary for purposes of calculating their retirement benefits. Plaintiffs received the increases only after signing the Accelerated Retirement Agreements in which they agreed to retire at the end of the two-year period over which the increases were to be paid. Thus, under the express terms of plaintiffs' contracts with CSU, the increases were paid as consideration for plaintiffs' agreement to retire.

Moreover, there was evidence both before the Board and in the trial court that at least some portions of the increases plaintiffs received as a result of their participation in the Plan exceeded salary increases they would have otherwise received. There was also evidence that plaintiffs' job responsibilities were similar to those they had in prior years.

We therefore conclude that the trial court erred in determining that all the increases

plaintiffs received pursuant to the Plan constituted salary for purposes of calculating retirement benefits payable by PERA. Under the express language of the statute, the Board's determination that compensation received pursuant to the Plan was not includable as salary was proper and should have been upheld by the trial court. *See* §§ 24–4–106(7) and 24–4–106(11); *Rumford v. Public Employees' Retirement Ass'n, supra; Public Employees' Retirement Ass'n v. Stermole, supra.*

■ In so ruling, we emphasize that, like the employers in *Rumford* and *Stermole*, CSU has the authority to set salary and provide compensation to its faculty as it deems appropriate. CSU does not, however, have the authority to determine what is and is not salary for the purpose of calculating PERA benefits.

The Board's decision here does not prevent CSU from structuring payments and providing compensation increases to its faculty in the manner contemplated under the Plan. Rather, the Board's decision addresses only the effect of such compensation on the calculation of PERA benefits.

## B.

■ Our determination that the benefits plaintiffs received solely pursuant to the Plan do not constitute salary for purposes of calculating retirement benefits payable by PERA does not end our inquiry, however.

The parties agree that plaintiffs are entitled to individual hearings conducted in accordance with PERA's rules to determine what portion, if any, of the salary increases each plaintiff received pursuant to the Plan would have been received in the ordinary course of events and would therefore be properly includable as salary under § 24–51–101(42). We agree that such hearings are necessary.

■ In addition, based on PERA's alleged representations to some of the plaintiffs that it would include the 15 percent increases as salary for purposes of calculating their retirement benefits, plaintiffs contend that PERA should be estopped from excluding the increases in calculating plaintiffs' retire-

ment benefits. Plaintiffs thus contend, and counsel for PERA conceded during oral argument, that each plaintiff should be given an opportunity to present evidence to support an estoppel claim at the individual hearings before the Board. We agree with this contention also.

## C.

In light of our determination that the trial court erred in concluding that all the compensation plaintiffs received pursuant to the Plan constitutes salary for purposes of calculating retirement benefits payable by PERA, we need not address PERA's claim that the trial court committed various procedural and evidentiary errors in the course of the trial. We agree with PERA, however, that the trial court's order awarding costs to plaintiffs must be reversed.

## II.

■ On cross-appeal, plaintiffs contend that the trial court erred in dismissing their § 1983 claims alleging violations of their constitutional rights to due process. In addition, plaintiffs maintain that PERA violated their constitutional right to due process by failing to hold a hearing before ruling that their salary increases did not constitute salary for purposes of calculating retirement benefits. We perceive no error.

■ In order to prevail on their due process claims, plaintiffs must establish that they had a constitutionally protected property interest in the portion of their benefits that were attributable to the 15 percent increases they received pursuant to the Plan. Absent such a property interest, plaintiffs do not have a legitimate claim for denial of due process. *See Holland v. Board of County Commissioners,* 883 P.2d 500 (Colo.App. 1994).

As we have already determined, however, the Board correctly ruled that plaintiffs were not entitled to receive PERA benefits based on those portions of the salary increases that they received only as a result of their participating in the Plan. Accordingly, plaintiffs do not have a property interest in those portions

of their benefits solely attributable to their participation in the Plan, and we need not review their contention that the trial court erred in dismissing, on the basis of sovereign immunity, their due process claims.

The trial court's dismissal of plaintiffs' § 1983 claims is affirmed. That portion of the trial court's judgment ruling that all payments to plaintiffs under the Plan constitute salary for purposes of calculating PERA retirement benefits is reversed, and the cause is remanded to the trial court with directions to reinstate the Board's determination and to remand the cause to the Board for further proceedings to determine what portion, if any, of the salary increases each plaintiff received pursuant to the Plan would have been received in the ordinary course of events and would therefore be properly includable as salary under § 24–51–101(42), and also to consider any estoppel claims. The trial court's award of costs to plaintiffs is also reversed.

MARQUEZ and DAVIDSON, JJ., concur.