**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-4909-16T1
                A-2371-17T1

CITIZENS BANK OF
PENNSYLVANIA,

      Plaintiff-Respondent,

v.

METODI A. DONCHEV, his/her
heirs, devisees and personal
representatives, and his/her, their or
any of their successors in right, title
and interest, MIDLAND FUNDING
LLC, ANTON METODIEV DONCHEV,
known heir of METODI A. DONCHEV,
and ROCITSA METODIEVA, known
heir of METODI A. DONCHEV,

      Defendants,

FAITH DONCHEVA a/k/a
FAITH DONCHEV, individually
and as personal representative of the
ESTATE OF METODI A. DONCHEV,

      Defendants-Appellants.

_____

Argued October 22, 2018 – Decided December 6, 2018

Before Judges Sumners and Mitterhoff.

On appeal from Superior Court of New Jersey, Chancery Division, Gloucester County, Docket No. F-021911-12.

Louis J. Johnson, Jr. argued the cause for appellant.

J. Eric Kishbaugh argued the cause for respondent (Udren Law Offices, PC, attorneys; Nicole B. LaBletta, on the brief in A-4909-16 and J. Eric Kishbaugh, on the brief in A-2371-17).

PER CURIAM

Defendant Faith Doncheva appeals the trial court's denial of her motions to vacate a final judgment of foreclosure, set aside the sheriff's sale, and enforce a post-sale offer to settle mortgage loans. We affirm.

On June 18, 2003, defendant and her husband Metodi Donchev (M. Donchev) executed a promissory note to Citizens Bank in the amount of $98,400. On the same day, to secure repayment of the note amount, defendant and M. Donchev executed a mortgage to Citizens Bank on their property located in National Park, New Jersey (the property). On January 24, 2005, defendant and M. Donchev refinanced the property by executing a second note in consideration of an additional loan of $40,000. On the same day, to secure

2

repayment of the second note, defendant and M. Donchev executed a second mortgage on the property to Citizens Bank.

Defendant and M. Donchev defaulted on both notes in December 2009. On October 22, 2013, Citizens Bank instituted the current foreclosure action in the Superior Court of New Jersey, Chancery Division, Gloucester County. After defendant failed to answer the complaint, Citizens Bank filed a request and certification of default. On April 10, 2014, defendant sent a letter responding to the complaint, however, the letter was not filed because defendant did not enclose the filing fee. In defendant's letter, she denied having received the complaint and denied "owing any sums to any party."[1] On November 24, 2014, the Honorable Paul Innes, P.J.Ch., issued a final judgment against defendant.

On April 14, 2016, notices of a sheriff's sale of the property scheduled for April 27, 2016 were issued and sent to defendant. After Citizens Bank purchased the property at the sale, the sheriff's deed was delivered on May 9, 2016. On July 20, 2016, Judge Innes issued a writ of possession to Citizens Bank.

---

[1] By the time defendant submitted this letter to the court, M. Donchev had passed away and defendant was acting on behalf of his estate.

A-4909-16T1

On April 25, 2017, defendant received two letters from Citizens Bank purporting to offer a settlement of her first and second mortgage loans for $2,064 and $19,807.74, respectively. In May 2017, defendant attempted to accept the offer by sending checks for the requested amounts to Citizens Bank. On May 22, 2017, Citizens Bank sent a letter to defendant returning defendant's checks and stating that "[a]ny offers contained in the letter of April 25, 2017 from Citizens Bank are hereby revoked."

On July 3, 2017, David Braz, a Vice President/Senior Manager of the Collections and Recovery Department at Citizens Bank, N.A., certified that letters sent to defendant were "issued in error." Mr. Braz further certified that the mortgages relevant to the present matter

> were originally coded as foreclosed loans in Citizens' computer system in April 2017, however, the REO department of Citizens erroneously noted[,] when questioned by the employee speaking with [defendant] in April 2017[,] that the loans were not in the Foreclosure/REO department. Thus, the employee that was speaking with [defendant] during April 2017 changed the coding of the loans in error. Had it been properly notated that the loans were in REO when questioned, the April 25, 2017 settlement letter would have never been issued.

On July 11, 2017, the Honorable Anne McDonnell, P.J.Ch., denied defendant's motion to enforce the settlement agreement because it "was not

4

made with full knowledge by Citizens Bank." She reasoned that the settlement offer "was a little too late, given that the . . . property had already been foreclosed, that the plaintiff was represented in the foreclosure action. That it was a very active foreclosure, in that I had a number of stay requests[.]"

On December 1, 2017, Judge McDonnell denied defendant's motion to set aside the sheriff's sale and to vacate the final judgment. This appeal ensued.

Motion to Enforce the Settlement Offer

Defendant argues that the trial court erred by refusing to enforce Citizens Bank's post-foreclosure settlement agreement. Citizens Bank counters that defendant's motion to enforce the purported settlement agreement is moot because defendant's mortgage and loan ceased to exist once the trial court entered final judgment. We agree with Citizens Bank and hold that any issues concerning purported offers to settle defendant's mortgages and loans are moot.

Review of a trial court's factual determinations in a non-jury case is limited. Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011). Appellate courts "do not disturb the factual findings and legal conclusions of the trial judge unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence

A-4909-16T1

as to offend the interests of justice." Ibid. (quoting In re Trust Created By Agreement Dated December 20, 1961, 194 N.J. 276, 284 (2008)).

New Jersey courts "consider an issue moot when 'our decision sought in a matter, when rendered, can have no practical effect on the existing controversy.'" Deutsche Bank Nat'l Trust Co. v. Mitchell, 422 N.J. Super. 214, 221-22 (App. Div. 2011) (quoting Greenfield v. N.J. Dep't of Corr., 383 N.J. Super. 254, 257-58 (App. Div. 2006)). "A case is technically moot when the original issue presented has been resolved, at least concerning the parties who initiated the litigation." De Vesa v. Dorsey, 134 N.J. 420, 428 (1993) (Pollock, J., concurring) (citing Oxfeld v. N.J. State Bd. of Educ., 68 N.J. 301, 303 (1975)). In the landlord-tenant context, "where a tenant no longer resides in the property, an appeal challenging the propriety of an eviction is moot." Sudersan v. Royal, 386 N.J. Super. 246, 251 (App. Div. 2005) (citing Center Ave. Realty, Inc. v. Smith, 264 N.J. Super. 344, 347 (App. Div. 1993)).

Furthermore, absent evidence of contrary intent, "a loan no longer exists after a default leads to the entry of a final judgment." Gonzalez, 207 N.J. at 580-81 (citing 30A New Jersey Practice, Law of Mortgages, § 31.36 (Myron C. Weinstein) (2d ed. 2000)). It is a "well-settled principle that a mortgage merges into the judgment of foreclosure[.]" Virginia Beach Fed. v. Bank of New

York/National Cmty. Div., 299 N.J. Super. 181, 188 (App. Div. 1997). A foreclosure judgment "represents the final determination of the debt and amount due" on the mortgage. Colonial Building-Loan Ass'n v. Mongiello Bros., 120 N.J. Eq. 270, 276 (Ch. 1936).

Any dispute over Citizens Bank's offers to settle defendant's mortgages and loans is moot because there are no issues regarding the mortgage or the foreclosure action that require resolution. De Vesa, 134 N.J. at 428. The final foreclosure judgment in the current matter was ordered on November 24, 2014. The sheriff's sale took place on April 27, 2016. The sheriff's deed was delivered to Citizens Bank on May 9, 2016. As will be discussed below, there are no grounds for setting aside the sheriff's sale. Defendant's loans merged with the mortgage when the final judgment in the foreclosure complaint was issued on November 24, 2017. See Virginia Beach Fed., 299 N.J. Super. at 188. Thus, a decision by this court enforcing the settlement agreement can have no practical effect on defendant's mortgages and loans, as they no longer exist. Accordingly, we affirm trial court's refusal to enforce the post-sale settlement agreement.

Motion to Set Aside Sheriff's Sale

Defendant argues that the trial court erred in upholding the April 2016 sheriff's sale. She argues that she had no notice of the sale because Citizens

7

Bank knew that her mailing address changed, but did not send notice to said address. Thus, according to defendant, the trial court erred in finding that she had notice. Citizens Bank argues that the trial court correctly granted its motion to affirm the sheriff's sale because it provided all of the necessary notices to defendant.

Appellate courts exercise their discretion to set aside a foreclosure sale only to correct a plain injustice. See First Tr. Nat. Ass'n v. Merola, 319 N.J. Super. 44, 49 (App. Div. 1999) ("[T]he exercise of this power [to set aside a sheriff's sale] is discretionary and must be based on considerations of equity and justice.") (citation omitted); E. Jersey Sav. & Loan Ass'n v. Shatto, 226 N.J. Super. 473, 476 (Ch. Div. 1987) (citation omitted) ("The power to set aside a foreclosure sale is to be exercised with great care and only when necessary for compelling reasons."); see also 30A N.J. Practice, Law of Mortgages § 35.17 (Myron C. Weinstein) (2d ed. Oct. 2017 update) (collecting cases).

When a residential property is being sold at a sheriff's sale, the seller must provide notice to the record owner of the property. See R. 4:65-2. The Rule provides,

> The party who obtained the order or writ shall, at least 10 days prior to the date set for sale, serve a notice of sale by registered or certified mail, return receipt requested, upon (1) every party who has appeared in the

8

action giving rise to the order or writ and (2) the owner of record of the property as of the date of commencement of the action whether or not appearing in the action . . . .
[Id.]

A party's motion to set aside a sheriff's sale is governed by Rule 4:65-5, which states,

> A sheriff who is authorized or ordered to sell real estate shall deliver a good and sufficient conveyance in pursuance of the sale unless a motion for the hearing of an objection to the sale is served within 10 days after the sale or at any time thereafter before the delivery of the conveyance. Notice of the motion shall be given to all persons in interest, and the motion shall be made returnable not later than 20 days after the sale, unless the court otherwise orders. On the motion, the court may summarily dispose of the objection; and if it approves the sale and is satisfied that the real estate was sold at its highest and best price at the time of the sale, it may confirm the sale as valid and effectual and direct the sheriff to deliver a conveyance as aforesaid.

The party objecting to the sheriff's sale must have a valid ground for the objection, such as "fraud, accident, surprise, irregularity, or impropriety in the sheriff's sale." Brookshire Equities, LLC v. Montaquiza, 346 N.J. Super. 310, 317 (App. Div. 2002) (citation omitted); see also Burbach v. Sussex Cty. Mun. Util. Auth., 318 N.J. Super. 228, 236 (App. Div. 1999) (setting aside execution sale where non-debtor tenant in common failed to receive required notice of sale and objected promptly upon learning of sale).

9

Here, the sheriff's sale took place on April 27, 2016. The sheriff's deed was delivered to Citizens Bank on May 9, 2016. Thus, under Rule 4:65-5, defendant's motion was filed out of time. Citizens Bank sent notices of the sale to defendant via certified mail at both the property's address and at an alternate address provided by defendant, as required by Rule 4:65-2. Accordingly, we affirm the trial court's confirmation of the April 2016 sheriff's sale.

## Motion to Vacate Final Judgment

"The decision whether to grant [a motion under Rule 4:50-1] is left to the sound discretion of the trial court, and will not be disturbed absent an abuse of discretion." Mancini v. EDS ex rel New Jersey Auto. Full Ins. Underwriting Ass'n, 132 N.J. 330, 334 (1993) (citing Court Inv. Co. v. Perillo, 48 N.J. 334, 341 (1966)). Doubts regarding whether to grant the motion "should be resolved in favor of the parties seeking relief." Ibid. (citing Arrow Mfg. Co. v. Levinson, 231 N.J. Super. 527, 534 (App. Div. 1989)). An abuse of discretion "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigr. and Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

Parties may move to vacate

10

a final judgment or order for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under R. 4:49; (c) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order."

[R. 4:50-1.]

Motions must "be made within a reasonable time, and for reasons (a), (b) and (c) of R. 4:50-1 not more than one year after the judgment[.]" R. 4:50-2. Rule 4:50-1 "is designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case." Tenby Chase Apartments v. N.J. Water Co., 169 N.J. Super. 55, 60 (App. Div. 1979) (quoting Hodgson v. Applegate, 31 N.J. 29, 43 (1959)). Here, two years and five months passed from the entry of final judgment to defendant's motion to vacate the final judgment. Thus, defendant did not make her motion to vacate the final judgment within a reasonable time. See, e.g., Last v. Audubon Park Assoc., 227 N.J. Super. 602,

11

607 (App. Div. 1988) (holding that a motion to vacate final judgment was not made within a reasonable time where eighteen months passed between the entry of final judgment and the motion to vacate).

For these reasons, we find that the trial court did not abuse its discretion in refusing to enforce the settlement agreement, vacate the final judgment, or set aside the sheriff's sale.

The remaining arguments raised by defendant are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION