NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-3770-18
     A-3792-18
     A-3797-18
     A-3798-18

GEORGE A. WILHELM,

  Petitioner-Appellant,

v.

RYDER LOGISTICS &
TRANSPORTATION SOLUTIONS
and SECOND INJURY FUND,

  Respondents-Respondents.

---

THOMAS H. BOZARTH, SR.,

  Petitioner-Appellant,

v.

BURLINGTON COUNTY and
SECOND INJURY FUND,

  Respondents-Respondents.

---

JOSEPH SCHIAZZA,

  Petitioner-Appellant,

v.

| APPROVED FOR PUBLICATION |
| :---: |
| **June 21, 2021** |
| **APPELLATE DIVISION** |

WESTERN OILFIELD SUPPLY
and SECOND INJURY FUND,

    Respondents-Respondents.

_____

WILLIAM E. PIERCE, JR.,

    Petitioner-Appellant,

v.

CBF TRUCKING and
SECOND INJURY FUND,

    Respondents-Respondents.

_____

Argued April 19, 2021 – Decided June 21, 2021

Before Judges Currier, Gooden Brown and DeAlmeida.

On appeal from the New Jersey Department of Labor and Workforce Development, Division of Workers' Compensation, Claim Petition Nos. 1993-59037, 1994-11045, 2002-18766, 2003-23322, and 2006-33823.

Robert A. Petruzzelli argued the cause for appellants (Jacobs, Schwalbe and Petruzzelli, PC, attorneys; Robert A. Petruzzelli, on the briefs).

Cheryl B. Kline, Deputy Attorney General, argued the cause for respondent Second Injury Fund (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel; Cheryl B. Kline, on the briefs).

Walter F. Kawalec, III, argued the cause for respondent Ryder Logistics & Transportation Solutions (Marshall Dennehey Warner Coleman & Goggin, PC, attorneys, join in the brief of respondent Second Injury Fund).

Kelly A. Grant argued the cause for respondent Burlington County (Malamut and Associates, LLC, attorneys; Kelly A. Grant, of counsel and on the brief).

Dominick Fiorello argued the cause for respondent Western Oilfield Supply (Styliades & Jackson, attorneys; Dominick Fiorello, on the brief).

Susan Stryker argued the cause for respondent CBF Trucking (Bressler, Amery & Ross, PC, attorneys; Susan Stryker and Michael J. Morris, of counsel and on the brief).

The opinion of the court was delivered by

CURRIER, J.A.D.

In these four back-to-back appeals, we consider whether N.J.S.A. 34:15-95.5 requires a triennial redetermination of petitioners' combined awards of state workers' compensation disability benefits and social security disability benefits (SSD). Because our Legislature did not include a cost-of-living increase in the statute, and 42 U.S.C. § 424a(d) explicitly states a triennial redetermination is not applicable in states that calculate their benefits in the manner New Jersey does, we affirm. Petitioners are not entitled to a redetermination of benefits.

Petitioners each collect total and permanent disability workers' compensation benefits and SSD. Pierce and Schiazza's applications for SSD benefits were on appeal when they received their total disability orders. Wilhelm's application for SSD benefits was pending. Each final order required petitioner to "immediately notify the [r]espondent and Second Injury Fund" if SSD is approved. And "[t]he petitioner shall reimburse the [r]espondent and the Second Injury Fund for any workers' compensation benefits paid to [p]etitioner in excess of the offset rate during the period of time [p]etitioner has received [SSD] . . . ."

After Schiazza, Pierce, and Wilhelm were approved for SSD, the Second Injury Fund (Fund) moved for reimbursement of the excess benefits paid prior to application of the statutory offset. Petitioners opposed reimbursement and sought a recalculation of their benefit rates to include a triennial redetermination of their average current monthly earnings (ACE). Bozarth moved to reopen his case, also seeking a redetermination of his benefits.[1]

The cases were consolidated and tried before the judge of compensation over several dates in 2016 and 2017.

---

[1] Unlike the other petitioners, Bozarth was approved for SSD prior to the entry of the final order. Therefore, the order included the reduced rate according to the reverse offset with benefits calculated until April 2022, when Bozarth turns sixty-two.

A-3770-18

The Fund produced Larry Crider as its witness. At the time of trial in 2016, Crider had been the Administrator of Special Compensation Funds for the New Jersey Department of Labor since 1990. The office administers both the Fund and the Uninsured Employer's Fund, handles compliance enforcement for workers' compensation insurance, and operates the discrimination complaint division.

In 1980, Crider became involved in the processing of calculations for the Fund under the Workers' Compensation Act in conjunction with the social security offset under N.J.S.A. 34:15-95.5. At that time, he was working for the controller's office as an assistant controller when he was tasked to assist the Division of Workers' Compensation in "implementing . . . the special adjustment benefits, which included the offsets." Crider worked with compensation judges Alan Napier and Michael Cunningham.

Crider testified he and the judges agreed that the formula enunciated in N.J.S.A. 34:15-95.5 requires an offset if the "total of the weekly worker's compensation benefits and the weekly equivalent of the social security benefit exceed[s] [eighty] percent of the ACE." The statute did not include any cost-of-living increases. According to Crider, the legislative history did not reflect any intent to include a triennial review associated with the offset calculation.

Crider recalled that in 2004 or 2005, an attorney sent a letter to the Office of Special Compensation Funds inquiring whether petitioners under the age of sixty-two receiving total and permanent disability and SSD were entitled to a triennial redetermination of ACE. After receiving the letter, the Director of the Division of Workers' Compensation, Chief Judge Calderone, asked for Crider's input. Crider requested that Glenn Sklar, the Associate Commissioner of Disability Programs at the Social Security Administration, provide clarification whether a triennial redetermination of ACE was applicable in reverse offset states. Crider also conducted his own research.

In Sklar's response to Crider's query, the Associate Commissioner confirmed that Social Security was precluded from taking a reduction in SSD in a reverse offset state. In addition, the Social Security operations manual instructed that a reverse offset existed for permanent total disability and subsequent Fund benefits in New Jersey.

Crider concluded that N.J.S.A. 34:15-95.5 did not support a triennial redetermination. He also noted that 42 U.S.C. § 424a(d) specifically excluded a reverse offset state from performing a triennial redetermination.

During his trial testimony, Crider also explained the method for calculating the offset for each of the petitioners' awards and stated the calculations were accurate and in compliance with N.J.S.A. 34:15-95.5.

Petitioners presented Alan Polonsky as a witness – an attorney with thirty years of experience handling Social Security benefits claims. Polonsky was a staff attorney at the Social Security Administration Office of Hearing and Appeals for approximately ten years, where he drafted decisions for an administrative law judge determining whether individuals were disabled. He left that position in 1987 and entered private practice where he began representing social security claimants, primarily litigating disability determinations, eligibility for benefits, and verifying whether the benefits are being properly paid. Polonsky said he uses a computer application to calculate benefits.

Polonsky agreed he had no experience drafting social security legislation or promulgating rules for the Social Security Administration or in the workers' compensation arena. He admitted he did not handle workers' compensation cases and had limited involvement in the application of the workers' compensation statutes.

Polonsky testified similarly to Crider regarding the calculation of benefits when a petitioner is receiving both SSD and workers' compensation benefits. He confirmed that if the total benefits exceed what the petitioner earned before becoming disabled, the benefits award is capped at eighty percent of the petitioner's earnings before they became disabled – the ACE.

7

He explained the cap was in place to ensure petitioners were not making more money than they did pre-disability so that petitioners would not be dissuaded from returning to the workforce.

Polonsky likened the triennial redetermination of the ACE to a cost-of-living adjustment. He also explained that reverse offset meant "that instead of the Social Security Administration reducing the Social Security benefits, the Social Security Administration pays the full benefit they would pay, and the insurance carrier is the one that gets the benefit of the reduction in payment." In a reverse offset state, the workers' compensation benefits are reduced, not the SSD.

Polonsky conceded he had never seen a triennial redetermination applied to a petitioner under age sixty-two who was receiving New Jersey total disability and permanent workers' compensation benefits. And he agreed that because New Jersey is a reverse offset state, triennial redetermination would not be applicable.

In a comprehensive, well-reasoned oral decision issued December 13, 2018, the judge of compensation found N.J.S.A. 34:15-95.5 did not compel a triennial redetermination of ACE to a person collecting permanent workers' compensation benefits and SSD. The compensation court noted N.J.S.A. 34:15-95.5 did not mention a triennial redetermination of ACE. Nor did the

legislative history accompanying the statute. Therefore, the judge of compensation concluded the Legislature did not intend either a cost-of-living increase or a triennial redetermination. The judge discerned no conflict between federal and state law and stated that "N.J.S.A. 34:15-95.5 supersedes and takes precedence over the manner that New Jersey is to interpret its own statute."

The compensation court relied on several authorities in reaching its determination. One of the authorities was the Social Security Administration's program operations manual system, which contains the Social Security Administration's policies. The manual advises that a reverse offset exists in New Jersey for claimants receiving permanent total disability workers' compensation benefits and SSD. In addition, the compensation court noted the portion of Sklar's letter which stated: "[A] Triennial Redetermination of ACE is unnecessary prior to the age of [sixty-two] because full disability insurance benefits are already being paid due to the reverse offset provisions, therefore, there is no offset applied."

The compensation court found petitioners did not present any controlling authority to support their claim that 42 U.S.C. § 424a(f) mandated New Jersey to conduct a triennial redetermination of ACE. To the contrary, the court found petitioners disregarded the provision in 42 U.S.C. § 424a(d) stating that

triennial redetermination of ACE is not applicable in reverse offset states such as New Jersey.

The compensation court denied petitioners' motions for a triennial redetermination and granted respondents' and the Fund's motions for the SSD offset and for reimbursement of any overpayments.

On appeal, petitioners renew their argument that they are entitled to a triennial redetermination of ACE under N.J.S.A. 34:15-95.5 until they reach the age of sixty-two. They contend the statute does not comply with 42 U.S.C. § 424a(f).

The Fund raises a procedural bar, contending petitioners are precluded from asserting the triennial redetermination issue because it was not presented prior to the entry of their total disability awards. In addition, respondents all assert there is no support in the statutory language or legislative history of N.J.S.A. 34:15-95.5 for a triennial redetermination of ACE.

Although counsel discussed the procedural bar with the judge of compensation during oral argument, the court did not address the issue in its decision.

An order approving settlement is final and bars "any subsequent action or proceeding, unless reopened by the Division of Workers' Compensation or appealed . . . ." N.J.S.A. 34:15-58. The right to reopen a matter is established

10

in N.J.S.A. 34:15-27, which provides that "a formal award, determination, judgment, or order approving settlement may be reviewed within two years from the date when the injured person last received a payment on the ground that the incapacity of the injured employee has subsequently increased." Ibid. A judgment or award also may be re-opened "at any time on the ground that the disability has diminished." Ibid.

Here, petitioners were awarded total and permanent disability benefits through orders approving settlements. Bozarth and Wilhelm have collected benefits since 2003 and 2004 respectively. Schiazza and Pierce began collecting benefits in 2009 and 2010. None of the petitioners raised the triennial redetermination issue prior to the entry of their total and permanent disability awards. Nor have any of the petitioners argued their disability has subsequently increased or diminished.

Although it is evident petitioners do not meet the statutory criteria to reopen their cases, we nonetheless address the substantive issue petitioners present as it is an issue of first impression in this state.

When reviewing a workers' compensation decision, we are required to determine whether the "findings reasonably could have been reached on the basis of sufficient credible evidence in the record, with due regard to the agency's expertise." Wood v. Jackson Twp., 383 N.J. Super. 250, 253 (App.

11

Div. 2006).  We afford deference to an agency's expertise and knowledge in its field but will not defer if the agency's statutory interpretation is inaccurate or contrary to the legislature's intent.  Caminiti v. Bd. of Trs., 431 N.J. Super. 1, 14 (App. Div. 2013).  The party challenging the decision bears the burden to prove the decision was not based on sufficient credible evidence.  In re Protest of Coastal Permit Program Rules, 354 N.J. Super. 293, 330 (App. Div. 2002).

When interpreting a statute, the primary purpose is to discern the Legislature's intent.  Kocanowski v. Twp. of Bridgewater, 237 N.J. 3, 9 (2019). The best method to determine the intent is to consider the statute's plain language, ascribing to the words their ordinary meaning when viewed as a whole.  DiProspero v. Penn, 183 N.J. 477, 492 (2005).  The function of the court is not to re-write the statute, presume the intent of the legislature, or add qualifications, but rather "to construe and apply the statute as enacted."  Ibid. (quoting In re Closing of Jamesburg High Sch., 83 N.J. 540, 548 (1980)).  If the statute is susceptible to more than one plausible interpretation, leads to an absurd result, or is at odds with the plain language, courts may turn to extrinsic aids such as "legislative history, committee reports, and contemporaneous construction."  Id. at 492-93 (quoting Cherry Hill Manor Assocs. v. Faugno, 182 N.J. 64, 75 (2004)).

Under 42 U.S.C. § 424a, a petitioner is limited to the amount they can simultaneously collect from SSD and state workers' compensation benefits. If the combined total monthly amount of SSD and state workers' compensation benefits exceeds eighty percent of the petitioner's pre-disability ACE earnings, SSD is reduced. The reduction of SSD is known as the social security offset. Social Security receives the benefit of the offset. Woods, 383 N.J. Super. at 254.

However, a handful of states, including New Jersey, enacted laws authorizing the reduction of the workers' compensation award instead of SSD when determining the simultaneous collectability of benefits. These states are known as reverse offset states. Therefore, in New Jersey, the employer, workers' compensation insurer, and Fund receive the benefit of the offset, not Social Security.

The Omnibus Budget Reconciliation Act of 1981 prevented additional states from enacting reverse offset legislation. 42 U.S.C. § 424a (1981). However, it permitted states which had enacted reverse offset provisions on or before February 18, 1981 to keep the reverse offset in effect. Ibid. New Jersey was one such state.

13

As stated, in 1980, the New Jersey Legislature amended the workers' compensation statute and adopted the reverse offset provision. N.J.S.A. 34:15-95.5 states:

> For persons under age [sixty-two] receiving benefits as provided under R.S. 34:15-95.5, or R.S. 34:15-12(b), and whose period of disability began after December 31, 1979, such compensation benefits shall be reduced by an amount equal to the disability benefits under the Federal Old-Age, Survivors' and Disability Insurance Act, as now or hereafter amended, not to exceed the amount of the reduction established pursuant to 42 U.S.C. 424a. However, such reduction shall not apply when the combined benefits provided under R.S. 34:15-95, or R.S. 34:15-12(b), and the Federal Old-Age, Survivors' and Disability Insurance Act is less than total benefits to which the Federal reduction would apply, pursuant to 42 U.S.C. 424a.

As explained by Crider and Polonsky, under the statute, an individual in New Jersey receiving permanent total disability or Fund benefits, whose disability benefits began after December 31, 1979, is subject to the reverse offset until the person reaches the age of sixty-two.[2] The statute does not include a triennial redetermination of benefits.

42 U.S.C. § 424a(f) provides for a redetermination of the social security offset every three years. This triennial redetermination is akin to a cost-of-

---

[2] After a petitioner turns sixty-two, Social Security takes the offset until the petitioner is sixty-seven years old. Thereafter, the offset is no longer in effect and a petitioner keeps the full amount of the benefits. 42 U.S.C. § 424a(a).

living adjustment to raise the eighty percent cap every three years using a ratio established by the Commission of Social Security based on the national average wage index.

Petitioners contend our Legislature intended to adopt the federal triennial redetermination provision. However, the plain language of N.J.S.A. 34:15-95.5 does not include a redetermination of benefits. And the legislative history is similarly silent. See Sponsor's & Lab. Comm. Statement to A. 1206 1-17 (L.1980, c. 83).

Moreover, the federal statute acknowledges the reverse offset states and precludes a social security offset for those states. 42 U.S.C. § 424a(d) creates an exception to the social security offset for reverse offset states. See Ries v. Harry Kane, Inc., 195 N.J. Super. 185, 197 (App. Div. 1983).

Our Legislature did not include any redetermination of benefits or cost-of-living provision in N.J.S.A. 34:15-95.5, nor has it amended the controlling statute in the forty years since its enactment. It is not this court's province to rewrite a statute contrary to its plain meaning. Perrelli v. Pastorelle, 206 N.J. 193, 200 (2011).

Moreover, Crider and Polonsky agreed the offset is in place to limit a petitioner's benefits so a totally disabled petitioner cannot earn more than his or her pre-injury income. This counters the argument that the Legislature

intended to include a cost-of-living increase. In addition, as we have previously noted, the Fund's resources are limited. We would not impose additional financial obligations absent a legislative mandate to do so. See McAllister v. Resorts Int'l Hotel & Casino, 299 N.J. Super. 199, 202-03 (App. Div. 1997).

There is no conflict between federal and state law. Under the Omnibus Budget Reconciliation Act of 1981, Congress and the Social Security Administration confirmed that § 424a did not preempt a state's workers' compensation act. 42 U.S.C. § 424a. In addition, the Supreme Court has clarified that if there is any overlap between a federal disability insurance program and a state workers' compensation program, "workmen's compensation programs should take precedence in the area of overlap." Richardson v. Belcher, 404 U.S. 78, 82 (1971).

In sum, it is clear from a review of the plain language of N.J.S.A. 34:15-95.5 and 42 U.S.C. § 424a that a triennial redetermination of ACE is not applicable in New Jersey as a reverse offset state. As petitioners have not presented this court with any concrete legal or legislative grounds upon which to overturn the compensation judge's order, we affirm the order denying a redetermination of benefits and for reimbursement of overpayment of benefits.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

16

A-3770-18